**Paul R. CARTER, Appellant,**

**v.**

**MONT CORPORATION, Appellee.**

**No. 14315.**

Court of Civil Appeals of Texas.

Houston.

March 19, 1964.

Rehearing Denied April 9, 1964.

Ted Musick, Houston, for appellant.

Butler, Binion, Rice & Cook, William E. Wright, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from a summary judgment in favor of Mont Corporation, one of three defendants sued by appellant. On motion of appellant, the cause of action against Mont Corporation was severed from that against the other defendants.

■ Appellant alleged that on or about December 6, 1961, he entered into a contract of employment under which he was to perform certain mechanical work overseas; that after recovering from an illness contracted overseas, he notified the defendant, International Drilling Company, a corporation, that he was ready to return to work; that the defendants refused to give him any work assignment under said contract; and that he was required to seek employment elsewhere, to his damage in the sum of $12,500.00. Appellant attached to his petition his alleged contract of employment, which in fact is an application for overseas employment with International Drilling Company, Ltd. This application, which was signed by appellant, clearly states that appellee, Mont Corporation, was acting only as a broker in securing the application and that no commitment of any kind would arise until such application was accepted by International Drilling Company, Ltd.

We have carefully considered appellant's petition and said application which was later accepted by International Drilling Company, Ltd., and also the affidavits which were filed by the parties to the suit, and have concluded that appellant has wholly failed to plead a cause of action against appellee and that no fact issue has been raised for determination by the court or jury.

■ Another reason for affirming the judgment of the trial court is that appellant's brief fails to comply with the minimum requirements of Rule 418, Texas Rules of Civil Procedure. He has, therefore, waived his single Point of Error.

Judgment affirmed.