**BESTWALL GYPSUM DIVISION, GEORGIA–PACIFIC CORPO-RATION, Appellant,**

v.

**PADGETT BROS. DRYWALL, a partnership, Appellee.**

No. 15253.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 14, 1968.

Rehearing Denied April 4, 1968.

Wendell S. Loomis, Houston, for appellant.

Frank C. Fariss, Houston, for appellee.

PEDEN, Justice.

Suit on a sworn account for building materials; a summary judgment was granted to defendant that plaintiff take nothing. The parties will be designated as they were in the trial court.

Plaintiff's point of error asserts that summary judgment should not have been granted because fact issues were raised. Defendant contends plaintiff sold the materials to Builders Hardware Co., who sold them to defendant and that defendant paid Builders Hardware Co. for them.

Plaintiff's original petition alleged that the materials were sold and delivered by the plaintiff to the defendant at the special instance and request of the defendant. No affidavit in the form suggested by Rule 185, Texas Rules of Civil Procedure, was attached, but copies of two invoices were.

An affidavit, as noticed below, was attached to plaintiff's first amended original petition. With respect to such affidavit, we are only concerned with whether it helps plaintiff to raise any fact issues. It is the only part of any of plaintiff's pleadings which was verified.

The invoices attached to plaintiff's original petition are almost illegible. There is no dispute, however, that they show that the materials in question were sold by plaintiff to Builders Hardware Co. of Houston but were shipped to Padgett Bros. Drywall, the defendant.

The pertinent parts of plaintiff's affidavit are:

State of Oregon      ⎫
                     ⎬ ss.
County of Multnomah  ⎭

M. L. Talmadge being duly sworn by me, the undersigned Notary Public within and for the County and State aforesaid, deposes and says: that

(1) he is Treasurer of Georgia-Pacific Corporation a Corporation organized, existing, and doing business under and by virtue of the laws of the State of Georgia;

\* \* \* \* \* \*

the Plaintiff in this cause, and as such he makes this affidavit; that this affiant is familiar with the books of original entry and of the business of said Plaintiff; that according to the said books of said Plaintiff, Defendant Padgett Bros. Drywall, Houston, Texas is indebted to said Plaintiff in the amount as is hereinafter set forth; that within the personal knowledge of this affiant said Defendant owes and is indebted to the Plaintiff in the amount as is hereinafter stated; that the account hereto annexed and made a part of this affidavit and marked "Exhibits _____ to _____ inclusive," is just and true within the personal knowledge of this affiant; that the demand of the said Plaintiff in the above cause is for the reasonable and agreed purchase price of goods, wares and merchandise sold and delivered by said Plaintiff to said Defendant at the special instance and request of said Defendant; that there is now due, owing and unpaid to the said Plaintiff from the said Defendant after the allowance of all just credits, deductions and set-offs, the sum of Three thousand Six hundred Seventy-two and 92/100 Dollars; further affiant saith not. ($3,672.92)

/s/ M. L. Talmadge
M. L. Talmadge, Treasurer

A notary public's verification is attached.

Defendant's motion for summary judgment contains an affidavit by one of the partners of the defendant company, stating that he has personal and actual knowledge 1) that defendant did not purchase the materials in question from the plaintiff, 2) that defendant purchased them from Builders Hardware Co., as the defendant customarily did, 3) that no promise to pay was made to plaintiff, 4) that payment was promised to and made to Builders Hardware Co., and 5) that defendant does not owe plaintiff for the materials in question. Also, copies of invoices from Builders Hardware Co. billing defendant for building materials and copies of defendant's checks are attached. Defendant's affidavit further alleges that such copies of invoices cover the same materials and that their checks, which are for a larger sum, represent payment for the materials in question and others.

■ Plaintiff's invoices support defendant's position, but it is noted that plaintiff offers no explanation; he merely alleges under oath 1) that according to the plaintiff's books defendant is indebted to plaintiff as pleaded, 2) that within his personal knowledge the defendant owes and is indebted to the plaintiff in the amount pleaded, and 3) that the account is just and true within his personal knowledge.

Rule 166–A(e), T.R.C.P., provides in part that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Plaintiff's affidavit does not show that he is competent to testify as to the contents of the company's books in compliance with Article 3737e, Vernon's Ann. Civ.St., the Business Records Act, nor does it do more than set forth his conclusion of law that the defendant is indebted to the plaintiff.

 Statements in affidavits which are conclusions of law are insufficient to raise a fact issue in a summary judgment proceeding. Marsalis v. Garre, 391 S.W.2d 522 (Tex.Civ.App., 1965, writ ref., n. r. e.); Farmers State Bank v. First State Bank of Liberty, 317 S.W.2d 768 (Tex. Civ.App., 1958, no writ hist.); Mason v. Mid-Continent Supply Co., 374 S.W.2d 922 (Tex.Civ.App., 1964, writ ref., n. r. e.).

Defendant's motion and affidavit were filed on June 12, 1967. Plaintiff's affidavit (which we have recited) was filed on July 14, 1967. Hearing on defendant's motion for summary judgment was held on August 7, 1967.

 As stated in Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex. Sup., 1965):

> Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Wool Growers Central Storage, Co., 140 Tex. 184, 166 S.W.2d 904 (1943). This exception is especially

true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so.

citing Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup., 1963) and others.

 The affidavit of the partner in the defendant company establishes a defense to plaintiff's cause, and the formal affidavit of plaintiff does not discredit or impeach it.

The judgment of the Trial Court is affirmed.