**Alton BROOKS, d/b/a Alton's Asphalt Paving Co., Appellant,**

v.

**HIGHLAND RESOURCES, INC., d/b/a Houston Materials Co., Appellee.**

**No. 236.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

April 9, 1969.

Rehearing Denied May 14, 1969.

Ted Musick, Houston, for appellant.

Charles A. Nester, Monteith, Baring & Monteith, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is an appeal from a summary judgment on a sworn account.

The plaintiff in the trial court, appellee here, filed suit for the recovery of an account in the sum of $2,713.81, alleging that $1,350 had been paid thereon by the defendant leaving a balance due and unpaid in the sum of $1,363.81. Defendant filed an answer and action over which was sworn to. Defendant's answer did not contain a denial of either the justness or truth of the plaintiff's account.

Plaintiff filed a motion for summary judgment with supporting affidavit. Defendant responded by an answer to such motion for summary judgment with supporting affidavit. Defendant's affidavit was to the effect that a certain radio and radio equipment had been sold to Texas Crushed Stone Company and this was the basis for the action over. The affidavit was based on the erroneous conclusion that the Texas Crushed Stone Company was the plaintiff. No connection between the Texas Crushed Stone Company and plaintiff herein was alleged or proved. Final judgment was entered by the trial court that defendant take nothing by way of his

action over and that plaintiff have and recover the sum sued for, $1,363.81 together with interest and attorney's fees in the amount of $400.00.

■ Appellant's first and third points of error are as follows: "FIRST POINT OF ERROR THE HONORABLE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT." "THIRD POINT OF ERROR THE HONORABLE TRIAL COURT ERRED IN DISMISSING THE COUNTER CLAIM OF THE DEFENDANT AND CROSS PLAINTIFF." These points of error do not comply with the requirements of Rule 418, T.R.C.P. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887; Missouri-K. T. Ry. Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931; Carter v. Mont Corp., Tex.Civ.App., 376 S.W.2d 911, err. dismd. Appellant's first and third points of error are overruled.

■ Appellant's second point of error contends that the trial court erred in granting $400.00 as reasonable attorney's fees. This contention must be sustained. The claim for attorney's fees appears in the plaintiff's original petition but no verification as to such attorney's fees nor as to their reasonableness there appears. Plaintiff's motion for summary judgment and the affidavit supporting same contains no reference to the claim for attorney's fees. No reference to the reasonableness of the attorney's fees claimed appears in either of these instruments.

The Supreme Court in Himes v. American Home Fence Co., 379 S.W.2d 290 (Tex.Sup.1964), has recognized that a summary judgment may be granted for attorney's fees where an uncontradicted affidavit shows the affiant is qualified to express an opinion as to the reasonableness of the fee and sets forth the basis for such an opinion. Leal v. Leal, Tex.Civ.App., 401 S.W.2d 293, no writ hist. Here, however, there is no affidavit relating to attorney's fees nor as to their reasonableness.

Appellee in oral argument has agreed and stipulated that attorney's fees might be waived so that the judgment herein might be reformed and affirmed. Accordingly, the judgment of the trial court is reformed so as to delete the provision for attorney's fees. King v. McGuff, 149 Tex. 432, 234 S.W.2d 403. As so reformed, the judgment is affirmed.