H. H. WILKINSON and W. C. Wilkinson, d/b/a Wilkinson Brothers Iron & Metal Company, Appellants,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 14795.

Court of Civil Appeals of Texas.

San Antonio.

July 23, 1969.

Jacob G. Hornberger, Laredo, for appellants.

Morriss, Boatwright, Lewis & Davis, San Antonio, for appellee.

BARROW, Chief Justice.

Appellants, H. H. Wilkinson and W. C. Wilkinson, d/b/a Wilkinson Brothers Iron & Metal Company, appeal from a summary judgment granted appellee, Texas Employers' Insurance Association, in appellee's suit on a sworn account to recover for insurance premiums allegedly owed by appellants.

Texas Employers alleged that on October 27, 1966, it sold a policy of Workmen's Compensation insurance to defendants, for which defendants agreed to pay premiums based on annual payroll audits.[1]  On the

---

[1]  See Art. 5.60, V.A.T.S. Insurance Code; Associated Indemnity Corp. v. Oil Well Drilling Co., 258 S.W.2d 523 (Tex.Civ. App.—Dallas 1953, affirmed, 153 Tex. 153, 264 S.W.2d 697 (1954).

same date it also sold a policy of Comprehensive General Liability insurance, for which defendants also agreed to pay premiums based on annual audits. It was alleged that audits were subsequently made and, based on same, premiums in the total amount of $2,559.06 were owed for the period from October 27, 1966 to February 26, 1968. Attached to said petition was an affidavit in the form provided by Rule 185, Texas Rules of Civil Procedure, executed by W. A. Black, District Manager of plaintiff. Also attached to said petition, as Exhibit "A", was a statement signed by Mr. Black showing three items owed by defendants. This statement does not purport to be an invoice. An answer was filed by defendants wherein it was alleged that the claim asserted by plaintiff was "wholly not just or true." This answer was verified by the affidavit of H. H. Wilkinson.

Plaintiff subsequently filed its motion for summary judgment supported by the affidavit of Mr. Black. Mr. Black averred that the policies were delivered on the dates alleged in plaintiff's petition and in the statement of account, and that the amount of premiums stated on each invoice is the reasonable value thereof and the amount agreed to be paid by defendants. No invoice or other business record was attached to said affidavit or plaintiff's motion for summary judgment. No reference was made to the audits, that is, as to who had made them or the results of same. Defendants did not make any reply to the motion for summary judgment or the affidavit in support thereof. On February 5, 1969, which was nearly three months after the motion was filed, judgment was entered for the full amount of plaintiff's claim.

■ Appellants assert the single point on this appeal that the trial court erred in granting the motion for summary judgment. By counterpoint appellee urges that this point is too general to invoke the jurisdiction of this Court. Rule 418(b), T.R.C.P., provides in part: "Such points (points upon which the appeal is predicated) will be sufficient if they direct the attention of the court to the error relied upon and they should ordinarily be so concisely stated that they may appear, separately numbered, on a single page of the brief." It has been held that a point such as urged here by appellants is too general and does not meet the requirements of this Rule. See Brooks v. Highland Resources, Inc., 440 S.W.2d 401 (Tex.Civ.App.—Houston (14th) 1969, no writ); Miller v. Texas Department of Public Safety, 375 S.W.2d 468 (Tex.Civ.App.—Dallas 1964, reversed on other grounds, 386 S.W.2d 760); Covington v. City of Denison, 369 S.W.2d 824 (Tex.Civ.App.—Dallas 1963, no writ). However, in practice, the appellate courts have usually considered such a point if the grounds for same can be ascertained from the statement and argument under the point. Appellate Procedure in Texas, § 12.4(4). Such liberal practice has particular significance to an appeal from the granting of a summary judgment where, as here, the basis for same is not clearly shown. We, therefore, overrule appellee's first counterpoint.

■ Under this single point, appellants assert two propositions: First, it is urged, that the summary judgment practice has no application to suits on sworn account where a verified denial has been filed. Such a contention was rejected by the Supreme Court in Himes v. American Home Fence Company, 379 S.W.2d 290 (Tex.Sup.1964), wherein it was said: "If the intermediate court held that there can never be a summary judgment in an action on a verified account where the defendant files a written denial under oath which meets the requirements of Rule 185, Texas Rules of Civil Procedure, we are not in agreement with that broad conclusion."

■ As a second proposition, it is urged that appellee did not discharge its burden of establishing its claim by legal and competent evidence. It must be recognized at the outset that Rule 185, supra, is not a rule of substantive law but is a rule of procedure with regard to the evidence necessary to establish a prima facie

right of recovery or defense. Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958). A sworn denial, denying the justness of a sworn account, has the effect of neutralizing the affidavit thereto made by the plaintiff, and casting the burden upon plaintiff to prove his case as at common law. Morgan v. O'Beirne, 429 S.W.2d 569 (Tex.Civ.App.—Dallas 1968, no writ); California Chemical Co. v. Sasser, 423 S.W.2d 347 (Tex.Civ.App.—Corpus Christi 1967, no writ); Davis Bumper to Bumper, Inc. v. American Petrofina Co., 420 S.W.2d 145 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.); Jones v. Eames, 369 S.W.2d 524 (Tex.Civ.App.—Eastland 1963, no writ).

The record before us is agonizingly inadequate from the standpoint of both parties. Appellants filed no controverting affidavit and urged no defense to appellee's claim. Although they asserted by affidavit the conclusion that the claim was wholly not just or true, it was urged by oral argument that they were never furnished a copy of the audit so they might determine the accuracy of same. Thus, in effect, appellants admit that some amount is owed for premiums, but they are not sure of the amount. The Texas Rules of Civil Procedure provide adequate means of discovery, and Rule 166–A(f) provides a remedy where the facts are not known to the party opposing a motion for summary judgment.

On the other hand, appellee concedes that the affidavit in support of its motion for summary judgment contains fewer facts than the formal affidavit supporting its petition. No effort was made to prove plaintiff's claim by business records, under Art. 3737e, Vernon's Ann.Civ.St. Cf. Morgan v. O'Beirne, supra. The audit which is alleged as the basis for determination of the premiums was not attached and there is no affidavit from the person who made same. Rule 166–A(e), supra, requires that supporting and opposing affidavits shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. See Crain v. Davis, 417 S.W.2d 53 (Tex.Sup.1967); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961). The conclusions in the affidavit of Mr. Black do not establish by competent evidence the allegations of plaintiff's petition. Bestwall Gypsum Division, Georgia-Pacific Corp. v. Padgett Bros. Drywall, 425 S.W.2d 844 (Tex.Civ.App.—Houston (1st) 1968, no writ); Medina v. Sherrod, 391 S.W.2d 66 (Tex.Civ.App.—San Antonio 1965, no writ).

The judgment of the trial court is reversed and the cause remanded.