W. J. LANGLEY, Appellant,

v.

ARNOLD D. KAMEN & COMPANY, Appellee.

No. 7983.

Court of Civil Appeals of Texas, Texarkana.

May 5, 1970.

Rehearing Denied June 2, 1970.

Gerard B. Rickey, David M. Kendall, Jr., Woodruff, Hill, Kendall & Smith, Dallas, for appellant.

Joe B. Abbey, Law Office of Richard D. Haynes, Dallas, for appellee.

FANNING, Justice.

Arnold D. Kamen & Company, a partnership, sued W. J. Langley, to recover on an account at its commodity brokerage office at Dallas, Texas, resulting from trades made by Langley in the Dallas office on commodities, to-wit, contracts for pork bellies. Kamen & Company sold 45 contracts of pork bellies to Langley at a large loss at a time it contended it was authorized to sell and at a time Langley contended that Kamen was not authorized to sell and that the market in a very short time rebounded to where Langley would have little or no loss.

Kamen & Company moved for summary judgment based upon the pleadings, the sworn affidavit of Arnold D. Kamen with exhibits attached thereto and the deposition of W. J. Langley. The trial court entered summary judgment for plaintiff-appellee Arnold D. Kamen & Company in the sum of $21,926.00 against defendant-appellant W. J. Langley. Defendant-appellant has appealed.

Rule 166A, Texas Rules of Civil Procedure, governing summary judgment is applicable alike to defendants and plaintiffs. In summary judgment cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action and if a summary judgment is granted it should be affirmed *only* if the summary judgment proof establishes a right thereto as a matter of law. In this connection, see Gibbs v. General Motors Corporation, Tex.Sup.Ct. 1970, 450 S.W.2d 827, and we quote from the court's opinion in said case in part as follows:

"The court of civil appeals put the question before it in this language (445 S.W.2d at 590):

" 'Appellants correctly assert that the primary and controlling issue involved in this case is whether the summary judgment *raises a fact issue* concerning defectiveness of the upper left balljoint unit on the Gibbs pickup at the time of the accident and at the time the truck left the General Motors factory.'

"Pointing out that an essential element of the appellants' case was proof that 'the balljoint unit in question was defective at the time it left appellee's factory', the court of civil appeals concluded (445 S.W.2d at 593):

" 'The record considered in its most favorable light to appellant *does not raise a fact issue* which would support a finding in their favor on this essential element of their case.'

"The two questions illustrate a basic fallacy frequently found in the approach of some of our courts to the matter of rendering or affirming a summary judgment in favor of a defendant. In such cases, the question on appeal, as well as in the trial court is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action. The last sentence of paragraph (c) of Rule 166–A, Texas Rules of Civil Procedure, governs. It provides:

" 'The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*'

"The provisions of Rule 166–A are applicable alike to defendants and plain-

tiffs who move for summary judgment; the judgment sought should be granted, and if granted should be affirmed, *only* if the summary judgment record establishes a right thereto as a matter of law."

Guidelines for the review of summary judgments as set out in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Company, Tex.Sup.Ct.1965, 391 S.W.2d 41, are summarized as follows:

1. Summary judgment is authorized only when it is shown that there is no genuine issue of material fact and movant is entitled to judgment as a matter of law.

2. Burden of proof is on movant to establish the absence of any such issue.

3. Conflicts in evidence are disregarded, and the court must view the evidence in the light most favorable to the party opposing the motion, accepting as true all evidence which tends to support his position.

4. All doubts as to the existence of a genuine issue of material fact are to be resolved against the movant.

5. If the motion involves the credibility of affiants or defendants, or the weight of their statements, or a mere ground of inference, the motion should be denied.

In its first amended petition appellee sought to recover on appellant's commodity account. Appellee alleged to the effect that the purchase and sale on account of commodities, to-wit, contracts for pork bellies, were authorized by appellant; that the rules of the Chicago Mercantile Exchange applied to appellant's account; that the rules of said exchange authorized appellee's selling without appellant's consent 45 contracts in appellant's account to restore the account to full margin status after depletion of margin, demand for additional margin, and failure to comply with such demand within a reasonable time; that appellant's margins were depleted below the required amounts; that appellee made demand for additional margins and that appellant failed within a reasonable time to comply with the demand for margins; appellee sought recovery on the account in the sum of $21,926.00 (which amount also included certain brokerage fees and commissions as hereinafter more fully referred to in this opinion) and appellee also sought $100,000.00 exemplary damages. After setting out the various contracts and trades made, plaintiff's first amended petition states in part as found below.[1]

1. "* * * VI. That on July 12, 1968, as a result of the above mentioned trading on the Commodity Exchange, the defendant's ledger balance on this account, including losses on the trade and commissions, was $1,661.00 in deficit; that plaintiff made demand on defendant to deposit funds in his account sufficient to pay the deficit and restore the required margin to continue trading and the defendant agreed to make said payment.

"VII. That on July 15, 1968, (trade date), the defendant in his usual and customary way placed an order with plaintiff to sell 5 contracts of August Pork Belly Commodities, and later that same day to purchase 15 contracts of August Pork Belly Commodities; that on July 16, 1968 (trade date), the defendant in his usual and customary way placed an order with plaintiff to buy 25 contracts of August Pork Belly Commodities; that, accordingly and pursuant to the defendant's order, the plaintiff traded the above stated contracts on the Commodity Exchange.

"VIII. That defendant, Dr. W. J. Langley, executed and delivered to plaintiff a check dated July 16, 1968, made out to the East Dallas Bank & Trust Co., of Dallas, Texas, in the amount of $15,000.00 as payment in his margin account for the commodity contracts purchased. A copy of said check is attached to this petition marked as Exhibit 'A' and by this reference incorporated herein as if copied verbatim.

"IX. That defendant, Dr. W. J. Langley, executed and delivered to plaintiff a check dated July 17, 1968, in the amount of $2,500.00 made out to the East Dallas Bank & Trust Co. as payment in his margin account for the commodity contracts purchased. A copy of said check is attached to this petition and is marked as Exhibit 'B' and by this reference incorporated herein as if copied verbatim.

Defendant-appellant answered by a general denial. Plaintiff-appellee filed a motion for summary judgment and filed a supporting affidavit of Arnold D. Kamen (executed in Cook County, Illinois), which reads in part as follows:

"* * * I, Arnold D. Kamen, and a partner of Arnold D. Kamen & Co., am over 21 years of age, of sound mind, and have never been convicted of any crime or offense, have personal knowledge of every statement herein made and am fully competent to testify in the matters stated herein.

"That the facts set forth in Plaintiff's First Amended Petition are true and correct; more specifically, that defendant, Dr. W. J. Langley, opened Account No. 12120, with Arnold K. Kamen & Co., *from its Dallas office*, that the Defendant traded in August Pork Bellies from July 10, 1968 to July 20, 1968, as pleaded in Plaintiff's First Amended Petition, and that Defendant, Dr. W. J. Langley's trades are correctly reflected on the Statement of Accounts, Purchase and Sales, copies of which are attached to this Affidavit as Exhibit 1.

"That the required margin for one contract of August Pork Bellies is $700.00; that the margin required for Defendant's 45 contracts of August Pork Bellies Commodities was $31,500.00.

"That on July 17, 1968, I initiated an investigation to determine if the checks set forth in Plaintiff's First Amended Petition as Exhibits 'A' and 'B' were good. The East Dallas Bank & Trust Co. was called and I was informed that there was not sufficient funds in the account of Dr. W. J. Langley in the East Dallas Bank & Trust Co. of Dallas, Texas, to cover either the check for $15,000.00 set forth as Exhibit 'A' of Plaintiff's Petition or the check for $2,500.00 set forth as Exhibit 'B' to Plaintiff's Petition.

"I then ordered an immediate liquidation of Dr. Langley's account. True copies of Sections 1232 and 1233 of the Rules of the Chicago Mercantile Ex-

"X. On July 17, 1968, (trade date), the defendant in his usual and customary way placed an order with plaintiff to buy 10 contracts of August Pork Belly Commodities; that, accordingly and pursuant to defendant's order, the plaintiff purchased the said commodities in the above stated amounts.

"XI. That on July 17, 1968, the market fell drastically and that defendant, Dr. W. J. Langley, was short of the margin required by the Rules of the Commodity Exchange Act; and was, in fact, placed in a deficit position on his commodity account.

"* * * XIV. That plaintiff requested the East Dallas Bank & Trust Co. of Dallas, Texas, if there were funds sufficient to cover the check in the amount of $15,000.00 attached to this petition as Exhibit 'A' or the check in the amount of $2500.00 attached to this petition as Exhibit 'B'; plaintiff was informed that defendant had in insufficient funds in the East Dallas Bank & Trust Co. to cover either check; thereafter the plaintiff in accordance with the rules of the Chicago Mercantile Exchange and as a result of defendant's not acting in good faith and willful neglect or refusal to pay for the commodities, was compelled on July 17, 1968, to sell 45 contracts of August Pork Belly Commodities in defendant's account for the net loss including commissions of $18,255.00.

"XV. That on July 18, 1968 (trade date), the defendant in his usual and customary way placed an order with plaintiff to purchase 10 contracts of August Pork Belly Commodities; that on July 19, 1968, (trade date), the defendant in his usual and customary way, placed an order with plaintiff to sell the 10 contracts of August Pork Belly Commodities; that, accordingly and pursuant to defendant's order, the plaintiff trades for defendant's account the above stated commodities in the above amounts.

"XVI. That on July 18, 1968, defendant stopped payment on the check set forth in plaintiff's petition as Exhibit 'B'; that on July 19, 1968, defendant stopped payment on the check set forth in plaintiff's petition as Exhibit 'A'.

"XVIII. That the deficit balance of defendant's account in accordance with the trades set forth in this plaintiff's petition was $21,926.00; and that defendant failed to pay said obligation. * * *"

change are attached to this Affidavit as Exhibit 2.

"Further, Affiant sayeth not. * * *" (Emphasis added.)

■ Exhibit 1 attached to the supporting affidavit of Kamen shows statements of account in very brief form and very little detail is given. There are charges for "fees and commissions" in the amounts of $1,480.00 and $360.00, totalling $1,840.00. There is neither pleading nor proof that these fees and commissions were agreed upon between the parties or in the absence of agreement were usual, customary and reasonable. (Exhibit 2 shows certain rules of the Chicago Mercantile Exchange.) The summary judgment granted by the trial court was for the sum of $21,926.00, which included "fees and commissions" of $1,480.00 and $360.00 totalling $1,840.00. Since there was neither pleading nor proof that the "fees and commissions" were agreed upon by the parties, or that the same were usual, customary and reasonable, the plaintiff-appellee did not carry its burden of proof to substantiate the amount of the summary judgment granted by the trial court. In this connection see Parker v. Center Grocery Company, Tex.Civ.App. 1965, 387 S.W.2d 903, no writ, and authorities cited therein. For this reason alone, irrespective of other reasons, the summary judgment granted by the trial court must be reversed and the cause remanded for a new trial.

■ We are also of the view that Kamen's supporting affidavit contains conclusions and hearsay to such extent that such affidavit does not establish plaintiff-appellee's contentions as a matter of law. In this connection see Murfee v. Oquinn, Tex.Civ.App.1967, 423 S.W.2d 172, wr. ref., n. r. e. Furthermore, Kamen's affidavit, executed in Illinois, where Kamen's main office was located, does not show that Kamen is competent to testify as to the contents of accounts, purchase and sale, Ex-

hibit 1, records of the Dallas office of Kamen & Company, in compliance with Art. 3737e, Tex.Rev.Civ.Statutes, the Business Records Acts. Bestwall Gypsum Division, Georgia-Pacific Corporation v. Padgett Brothers, Drywall, Tex.Civ.App.1968, 425 S.W.2d 844 and Wilkinson v. Texas Employers Ins. Ass'n, Tex.Civ.App.1969, 444 S.W.2d 222. Furthermore, an affidavit which simply adopts the pleadings in the case is insufficient either in support of or in opposition to a motion for summary judgment. Duffard v. City of Corpus Christi, Tex.Civ.App.1960, 332 S.W.2d 447, no writ.

Appellant by his 10th point contends that the trial court erred in rendering judgment for appellee because there was a genuine issue as to a material fact, to-wit: The amount of the balance due on the account. From what we have already said with respect to appellee's failure to carry its burden of proof with respect to recovery for "fees and commissions", it is clear that for this reason alone, irrespective of other reasons, that appellant's 10th point should be sustained.

■ We are of the further view that there was also a genuine material issue as to set-off against the account for failure of appellee to purchase contracts ordered and to sell them at the times stipulated, which transactions would have substantially reduced any balance owing on the account. We think appellant's 13th point raising this matter should be sustained.

We deem it unnecessary to write upon other points, wherein appellant contends that there were other material fact issues precluding the entry of the summary judgment, since we are satisfied that under the record in this case the appellee did not sustain its burden of proving that it was entitled to the summary judgment as a matter of law.

The judgment of the trial court is reversed and the cause is remanded for a new trial.