**PEREGRINE METALS GROUP, INC., Appellant,**

v.

**T.N. LEERVIG, Appellee.**

**No. 01–86–01009–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 25, 1987.

Rod Hardie Hughes, Watters, Askanase & Redford, Houston, for appellant.

Richard M. Plato, Arno Schwamkurg, Houston, for appellee.

Before EVANS, C.J., and COHEN and HOYT, JJ.

## OPINION

HOYT, Justice.

This is an appeal from an instructed verdict granted in a jury trial on a sworn account. Suit on the account was initiated by the appellant, Peregrine Metals Group, Inc. ("Peregrine"), seeking recovery of $31,090.75 for the alleged sale and delivery of raw steel products to Tufbilt Equipment, Inc. ("Tufbilt"). The appellee, T.N. Leervig, was president and sole shareholder of Tufbilt, and had personally guaranteed Tufbilt's account to Peregrine. Tufbilt filed for bankruptcy and is not a party to this suit. The instructed verdict was granted based on Leervig's claim that there was no evidence that the goods were delivered to Tufbilt.

After Peregrine filed suit, Leervig filed a sworn denial of the account thereby requiring Peregrine to establish each and every item of its account by legal and proper evidence. *Morgan v. O'Beirne*, 429 S.W.2d 569 (Tex.Civ.App.—Dallas 1968, no writ); *California Chem. Co. v. Sasser*, 423 S.W.2d 347 (Tex.Civ.App.—Corpus Christi 1967, no writ). Peregrine was required to show that there was a sale and delivery of the merchandise, and that the amount of the account was just.

To establish these elements of proof, Peregrine called four employees to testify, and introduced into evidence the guaranty agreement, the accounts receivable ledger sheet, invoices, sales orders, and weight scale tickets. Bills of lading and shipper's receipts were denied admission, although testimony regarding the function of these documents was allowed. The court also refused to admit letters from Leervig's attorney that, Peregrine asserted, admitted the debt.

In two points of error, Peregrine argues that the trial court erred in instructing a verdict because there was some evidence that the steel was delivered. It contends that the admission by Leervig, that the account was due and owing, was circumstantial evidence that the goods were delivered. Peregrine also maintained through the testimony of its employees, that the material was delivered to Tufbilt.

To direct a verdict, a trial court must find, as a matter of law, that there is no evidence raising a jury issue on a fact vital to the non movant's theory. *Coca-Cola Bottling Co. v. Burgess*, 195 S.W.2d 379, 381 (Tex.Civ.App.—Fort Worth 1946, writ ref'd n.r.e.); *Cline v. Ins. Exch.*, 154 S.W.2d 491, 493 (Tex.Civ.App.—Galveston 1941), *aff'd*, 140 Tex. 175, 166 S.W.2d 677 (1943). In reviewing the evidence, this Court must consider the testimony in the light most favorable to the party against whom the verdict was instructed, disregarding all conflicts and giving the losing party the benefit of all reasonable inferences arising therefrom. *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978); *Dunlop Tire & Rubber Corp. v. Slack*, 276 S.W.2d 400 (Tex.Civ.App.—Fort Worth 1955, no writ).

Shirley Hacker, vice-president of Peregrine, testified that when she demanded that Leervig pay the account, he "said he didn't have the money." Harold Brownstein, president of Peregrine, testified that during his telephone conversation with Leer-

vig, Leervig confirmed the amount of the debt and indicated that following a reorganization or sale of his company, the account would be paid in full. Brenda Cox, sales representative for Peregrine, testified that she spoke with Leervig and demanded that he pay his account. Hacker, Brownstein, and Cox all testified that when they discussed the account with Leervig, he never contended that the steel had not been delivered. Similar admissions have been held not to be conclusive proof of delivery, but sufficient to raise fact issues on that element of proof. *O'Beirne,* 429 S.W.2d at 572.

Charles Culp, operations manager for Peregrine, testified about the usual and customary manner of delivery to their customers. He testified that the steel is stored in public warehouses throughout the city, and that when a customer orders steel, a sales order is sent to a specific warehouse authorizing release of the steel to the customer's own truck or a common carrier. When the steel is picked up, the warehouse prepares a shipping ticket or bill of lading that is sent to Peregrine. Based on these documents, an invoice is prepared and mailed to the customer. Culp also testified that he personally verifies that the steel is either delivered or picked up by the customer before an invoice is prepared.

In *University Sav. & Loan Ass'n v. Sec. Lumber Co.,* 423 S.W.2d 287 (Tex. 1968), the supreme court held that invoices, plus testimony that the invoices were prepared from delivery tickets that were returned after delivery of the loaded materials, were sufficient to establish delivery. Here, we hold that the invoices addressed to Tufbilt, coupled with testimony regarding Peregrine's business practices explaining how the invoices were generated, and Leervig's express and implied admissions, are sufficient to raise a jury issue regarding delivery. Thus, we hold that the trial court erred in instructing a verdict against Peregrine.

We also sustain Peregrine's second point of error, which complains of the trial court's failure to admit letters from Leer-

vig's attorney, allegedly admitting the debt. Peregrine's exhibits 5, 6, 7, and 44 were excluded on arguments that they were irrelevant, would adversely affect the jury, implied facts that were within the province of jury determination, and were not supported by the evidence presented. Although we do not express an opinion on whether these letters might have been excluded on some other ground, the basis of their exclusion at trial was erroneous because an inference that the account existed and was due could also have been drawn from Leervig's attorney's letters. *See Davis v. Gilmore,* 244 S.W.2d 671, 679 (Tex.Civ.App.—San Antonio 1951, writ ref'd).

The judgment is reversed, and the cause remanded.