**Opinion issued July 11, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01035-CV

————————————

## SILVER OAK CUSTOM HOMES, LLC, APPELLANT

## V.

## BRENT TREDWAY AND JENA TREDWAY, APPELLEES

On Appeal from the 151st Judicial District Court
Harris County, Texas
Trial Court Cause No. 2009-29065A

## MEMORANDUM OPINION

This lawsuit arises out of a home remodeling project. Silver Oak Custom

Homes, LLC ("Silver Oak") appeals the trial court summary judgment in favor of

Brent and Jena Tredway. When the project went awry, Silver Oak sued the

Tredways under multiple liability theories. Silver Oak contends that it presented

evidence that creates a fact issue regarding each of its claims and the Tredways'

affidavits consist of conclusory statements insufficient to support summary judgment. We hold that the trial court erred in granting summary judgment as to Silver Oak's breach of contract claim, suit on sworn account, and quantum meruit claim, but it properly granted summary judgment against Silver Oak on its claims for fraud, defamation, business disparagement, and tortious interference with contractual relations. We therefore affirm in part, reverse in part, and remand for further proceedings.

## Background

The Tredways hired Silver Oak to build an addition on their home. Over the course of the project, the Tredways paid Silver Oak a total of $365,000 in five installments. When Silver Oak requested another payment, the Treadways refused to pay. Silver Oak ceased work on the project and sued the Tredways for breach of contract, quantum meruit, suit on sworn account, statutory and common law fraud, defamation, business disparagement, and tortious interference with contractual relations. The Tredways counterclaimed for breach of contract and fraud. The trial court granted the Tredways' subsequent traditional motion for partial summary judgment on Silver Oak's claims. The trial court severed the partial summary judgment, and Silver Oak filed a notice of appeal. The Tredways' counterclaims for fraud and breach of contract remain pending in a separate cause of action in the

trial court. *See Tredway v. Silver Oak Custom Homes, LLC*, No. 2009-29065, (151st Dist. Ct., Harris County, Tex.).

## Discussion

### I. Appellate Jurisdiction

A partial summary judgment becomes final and appealable upon the severing of the parties and claims disposed of by the partial summary judgment into a separate cause. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). Thus, a notice of appeal must be filed within thirty days after severance. *Id.*; TEX. R. APP. PROC. 26.1.

The Tredways initially contend that we lack jurisdiction over this appeal, because Silver Oak did not timely perfect it. The Tredways contend that the trial court dismissed all claims and parties with the partial summary judgment order.[1] But neither the Tredways' motion for summary judgment nor the trial court's order granting partial summary judgment referred to the Tredways' then-pending counterclaims. The order granting partial summary judgment does not purport to dismiss all parties and all claims.

The trial court did not grant the Tredways' motion to sever Silver Oak's claims from their counterclaims until October 19, 2012. Silver Oak filed its notice of appeal on November 7, 2012, well within the thirty-day period after severance.

---

[1] The Tredways reference a July 2011 order dismissing all causes and all parties. But after a diligent search of the appellate record and the district clerk's records, we find no such order.

*See Farmer*, 907 S.W.2d at 496; TEX. R. APP. PROC. 26.1. Accordingly, Silver Oak timely perfected its appeal.

## II. Summary Judgment Proof

Silver Oak contends that the Tredways failed to produce valid summary judgment evidence to negate its claims, because their affidavits are based on information and belief rather than personal knowledge. An objection that an affiant lacks personal knowledge of facts recited in the affidavit or that it lacks a recitation that an affiant has personal knowledge of the facts therein is an objection to the affidavit's form. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008); *Dodge v. Durdin*, 187 S.W.3d 523, 532 (Tex. App.—Houston [1st Dist.] 2005, no pet.). To preserve an objection to the form of an affidavit, a party must timely object in writing to the defect and obtain a ruling from the trial court sustaining or striking the evidence. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 n. 7 (Tex. 1993); *Dodge*, 187 S.W.3d at 532.

Silver Oak objected in writing to the trial court that both of the Tredways' affidavits stated that they were based on information and belief rather than personal knowledge. But it did so more than a year after the trial court granted the partial summary judgment. We hold that the objection was untimely to preserve this challenge on appeal. *See McConnell*, 858 S.W.2d at 343 n. 7; *Dodge*, 187 S.W.3d at 532.

4

## III. Summary Judgment Analysis

Silver Oak seeks reversal of the summary judgment, contending that it raised a fact issue on each of its claims and that the Tredways' proof is insufficient to support summary judgment.

### A. Standard of Review

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, like the one filed in this case, the movant must establish that no genuine issue of material fact exists and the movant is thus entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

Traditional summary judgment is proper only if the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A genuine issue of material fact exists if the nonmovant produces more than a scintilla of probative

evidence regarding the challenged element. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997). A conclusory statement is one that does not provide the underlying facts to support the conclusion and cannot be readily controverted. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991); *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ); *see also Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999) (holding that witness's affidavit is conclusory if it fails to explain basis of witness's statements to link his conclusions to facts).

## B. Silver Oak's Summary Judgment Evidence

The Tredways respond that Silver Oak wrongly relied on its sworn pleadings to oppose the summary judgment motion because pleadings are not valid summary judgment evidence. We agree. Pleadings, even if sworn, are generally not proper summary judgment evidence. *Hidalgo v. Sur. Sav. and Loan Ass'n*, 462 S.W.2d 540, 544–45 (Tex. 1971); *Inwood Forest Comty. Improvement Ass'n v. R.J.S. Dev.*

*Co., Inc.*, 630 S.W.2d 751, 754 (Tex. App.—Houston [1st Dist.] 1982, no writ). An affidavit that adopts the pleadings in the case is also insufficient to support or oppose a motion for summary judgment because it cannot transform the pleading into evidence. *Langley v. Arnold D. Kamen & Co.*, 455 S.W.2d 820, 824 (Tex. Civ. App.—Texarkana 1970, writ ref'd n.r.e.).

Silver Oak relies on its sworn pleadings, a deposition excerpt, and its agent's affidavit verifying its suit on sworn account as summary judgment evidence that raises fact issues about each of its claims. An affidavit required to plead a suit on sworn account is proper summary judgment evidence. *See Seisdata, Inc. v. Compagnie Generale de Geophysique*, 598 S.W.2d 690, 692 (Tex. Civ. App.— Houston [14th Dist.] 1980, writ ref'd n.r.e.). Deposition excerpts are also proper summary judgment evidence. *McConathy v. McConathy*, 869 S.W.2d 341, 341 (Tex. 1994) (per curiam). Accordingly, in reviewing whether Silver Oak raises a fact issue, we consider the deposition excerpt and Silver Oak's affidavit on its suit on sworn account. *See Seisdata, Inc.*, 598 S.W.2d at 692; *McConathy*, 869 S.W.2d at 342.

## C. Silver Oak's Claims

Silver Oak contends that it raised a fact issue as to each of the Tredways' claims, and that the Tredways' affidavits contain of conclusory statements that are

insufficient to support summary judgment. We review the summary judgment evidence on each of Silver Oak's claims in turn.

## 1. Breach of Contract

The essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). In their summary judgment motion, the Tredways maintain that Silver Oak's breach of contract claim fails because Silver Oak failed to satisfy its obligation to complete construction in a workmanlike manner. As summary judgment evidence to support this contention, the Tredways averred that "[t]he work provided by Silver Oak Custom Homes, LLC was unacceptable. Silver Oak Custom Homes, LLC failed to complete the work in a good and workmanlike manner."

The Tredways provide no particular facts on which they base this conclusion. *See Anderson*, 808 S.W.2d at 55; *CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). They do not explain any particular portions of the project completed or the flaws present in the completed work to explain the basis of their conclusion that the project was not completed in a workmanlike manner. *See Earle*, 998 S.W.2d at 890. Because the

8

affidavit lacks sufficient factual specificity about the unsatisfactory work of Silver Oak, the affidavits, with nothing more, fail to negate Silver Oak's breach of contract claim. *See Wadewitz*, 951 S.W.2d at 466; *Martinez*, 941 S.W.2d at 911. Accordingly, the trial court erred in granting summary judgment against Silver Oak on its breach of contract claim.

## 2. Suit on Sworn Account

Texas Rule of Civil Procedure 185 provides a procedure for collecting on an open account that applies to any contract "for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept." TEX. R. CIV. PROC. 185. The claim must be ". . . supported by . . . affidavit . . . to the effect that such claim is within the knowledge of (the) affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed." TEX. R. CIV. PROC. 185.

Silver Oak attached to its petition and summary judgment response an affidavit verifying its suit on sworn account. *See* TEX. R. CIV. PROC. 185. In that affidavit, Silver Oak averred that an open account existed and that it remained unpaid. It attached records detailing the cost of materials and labor that it had provided. The Tredways answered with a sworn denial. The parties raised a fact issue regarding Silver Oak's claim for suit on sworn account, and the Tredways did not negate an element of Silver Oak's claim. *See Ridgway*, 135 S.W.3d at 600.

Accordingly, the trial court erred in granting summary judgment on Silver Oak's suit on sworn account.

### 3. Quantum Meruit

The Tredways argued in their motion for summary judgment that Silver Oak's quantum meruit claim fails because quantum meruit and breach of contract are mutually exclusive claims, and thus, a party may plead only one. A party generally may not recover for quantum meruit if an express contract covers the same services or materials. *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). However, a party may plead the two mutually exclusive theories in the alternative and submit both theories to a jury. TEX. R. CIV. PROC. 48; *Univ. State Bank v. Gifford–Hill Concrete Corp.*, 431 S.W.2d 561, 574 (Tex. Civ. App.—Fort Worth 1968, writ ref'd n.r.e) ("Although the two theories of recovery are inconsistent, they may be pled alternatively under the provisions of Rules 47 and 48, Texas Rules of Civil Procedure"). To recover under quantum meruit, a claimant must prove that (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought

to be charged. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

Silver Oak pleaded its claims for breach of contract and quantum meruit in the alternative. Although Silver Oak ultimately could not recover for quantum meruit upon a finding that a valid contract existed, Silver Oak may plead and proceed on both theories. *See Univ. State Bank*, 431 S.W.2d at 574. As with Silver Oak's breach-of-contract claim, the Tredways' conclusory statements regarding Silver Oak's unworkmanlike performance are insufficient to negate an element of Silver Oak's quantum meruit claim. *See Martinez*, 941 S.W.2d at 911. Accordingly, the Tredways failed to satisfy their summary judgment burden to defeat Silver Oak's quantum meruit claim, and the trial court erred in granting summary judgment as to Silver Oak's quantum meruit claim.

### 4. Fraud

A fraud claim requires proof that: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

The Tredways averred that they had never made any false representations or promises to any Silver Oak employee. This is an affirmative statement of fact that may be readily controverted by any facts regarding specific misrepresentations by the Tredways to Silver Oak. *See Anderson*, 808 S.W.2d at 55. Because Silver Oak failed to controvert this statement with valid summary judgment evidence, the Tredways negated the first element of Silver Oak's fraud claims. The trial court thus properly granted summary judgment on Silver Oak's fraud claims.

## 5. Defamation and Business Disparagement

To recover for defamation, a private plaintiff must prove that the defendant (1) published a statement, (2) that was defamatory to the plaintiff, (3) while acting negligently as to the truth of the statement. *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Similarly, to prevail on a business disparagement claim, a plaintiff must establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff. *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987).

The Tredways averred that they did not publish any statements about Silver Oak or its employees. This, too, is an affirmative statement of fact, and it may be readily controverted with examples of statements the Tredways made to third parties regarding Silver Oak. *See Anderson*, 808 S.W.2d at 55. Because Silver Oak

failed to present summary judgment evidence to controvert the first element in both its defamation and business disparagement claims, it failed to raise a fact issue regarding those claims. The trial court properly granted summary judgment on these claims.

### 6. Tortious Interference with Prospective and Existing Contracts

To prevail on a claim for tortious interference with existing contracts, a plaintiff must show that: (1) contracts existed that were subject to the defendants' interference; (2) the defendants willfully and intentionally committed acts of interference; (3) the defendants' acts proximately caused damages; and (4) actual damages or loss occurred. *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 926 (Tex. 1993); *Rodarte v. Investeco Grp., LLC*, 299 S.W.3d 400, 411 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Similarly, to recover on a cause of action for tortious interference with a prospective business relationship, a plaintiff must show that: (1) there was a reasonable probability he would have entered into a business relationship; (2) the defendant acted maliciously by intentionally preventing the relationship from occurring with the purpose of harming the plaintiff; (3) the defendant was not privileged or justified in his actions; and (4) actual harm or damage occurred to the plaintiff as a result. *Winston v. Am. Med. Int'l, Inc.*, 930 S.W.2d 945, 953 (Tex. App.—Houston [1st Dist.] 1996, no writ).

The Tredways averred that they were not aware of any contracts of Silver Oak, thus negating the requirement that the defendants willfully and intentionally committed acts of interference. *Reyna*, 865 S.W.2d at 926; *Winston*, 930 S.W.2d at 953. Silver Oak presented no summary judgment evidence to controvert the Tredways' statement. In the deposition excerpt attached to its summary judgment response, Silver Oak's president described a settlement between it and another subcontractor who was involved in the construction on the Tredways' home. The deposition indirectly references the Tredways but does not address whether they were aware of Silver Oak's contract with the subcontractor or how they might have affected Silver Oak's contractual relations with the subcontractor. Accordingly, Silver Oak failed to raise a fact issue, and the trial court properly granted summary judgment in favor of the Tredways on Silver Oak's claims for tortious interference with contractual relations.

## Conclusion

We hold that fact issues exist to resolve Silver Oak's claims for breach of contract, suit on sworn account, and quantum meruit, but not Silver Oak's remaining claims. We therefore affirm the trial court's summary judgment on Silver Oak's claims for fraud, defamation, business disparagement, and tortious interference with contractual relations, but we reverse its judgment on Silver Oak's claims for breach of contract, suit on sworn account, and quantum meruit, and remand those claims for further proceedings.

Jane Bland
Justice

Panel consists of Justices Keyes, Higley, and, Bland.