**SERVISCO, d/b/a National Industrial Laundries Division, Texas Rental Uniform Division, a corporation, Appellant,**

v.

**TRAMCO, INC., a corporation, Appellee.**

**No. 8539.**

Court of Civil Appeals of Texas, Texarkana.

June 13, 1978.

Rehearing Denied July 11, 1978.

Robert C. McGuire, Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, Dallas, for appellant.

Gordon B. Russell, Jordan, Ramsey & Hill, Dallas, for appellee.

ODEN, Justice.

Servisco, dba National Industrial Laundries Division, Texas Rental Uniform Division, a corporation, appellant, filed suit against Tramco, Inc., a corporation, appellee, for breach of a uniform rental contract alleging that it was entitled to liquidated damages of $2,449.00 plus attorney's fees. The Appeal is from the judgment of the trial court rendered on an instructed verdict in favor of Tramco, Inc. Appellant and appellee will be referred to as Servisco and Tramco, respectively.

In deciding an instructed verdict case, this Court must view the evidence in the light most favorable to the party against whom the verdict was instructed. *Fitz-Gerald v. Hull*, 150 Tex. 39, 237 S.W.2d 256 (1951). The evidence, when viewed in the light most favorable to Servisco, reveals that: On September 25, 1974, Servisco and Tramco entered into a uniform rental contract under the terms of which Servisco was to supply Tramco's uniform requirements for a period of 104 weeks. Tramco, without legal justification, terminated the contract effective March 25, 1975. There were 79 weeks remaining on the original term on the contract at the time of the breach and the weekly service charge then in effect was $62.00. Servisco sustained actual damages in the form of loss of profits in the amount of $3,910.50 as a result of the breach, which damages were calculated by multiplying the profit factor per uniform per week ($.55) times the number of uniforms supplied at the time of breach (90) times the number of weeks remaining on the contract (79).

The uniform rental contract contained the following provision:

"The Customer acknowledges that the peculiar conditions surrounding a service consisting of furnishing uniforms for certain individuals are such that normal rules of damages will not compensate the Company for its loss in the event of a *breach or termination* of this Agreement by the Customer. The parties therefore agree that in the event of such a *breach or termination* the Company shall receive *as liquidated damages, and not as a penalty*, an amount equal to the total of: (1) one half of the aggregate weekly service charge, then in effect, for the balance of the term of this Agreement and (2) the loss charge for any uniforms or articles not returned to the Company on any such breach or termination, *together* with all costs, including reasonable attorney fees, incurred by the Company in enforcing its rights hereunder." (Emphasis added.)

Servisco prayed for liquidated damages calculated in accordance with the quoted provision (79 weeks remaining times $62.00 per week service charge then in effect divided by two equals $2,449.00), and, in the alternative, for actual damages. The trial court declined to enforce the quoted provision after construing it as one calling for a penalty and not for liquidated damages. It further held that Servisco's evidence did not raise an issue on actual damages due to a lack of evidence pertaining to the number of uniforms Tramco would reasonably be expected to use during the 79 weeks remaining on the contractual term.

The trial court's ruling on actual damages was, in effect, a holding that Servisco could not recover loss of profits due to the amount being speculative. Tramco was using 90 uniforms per week at the time of the breach and the jury would have been justified in finding that these requirements would have continued throughout the remainder of the contractual term. A party who breaches a contract cannot escape liability because it is impossible to state or prove a perfect measure of damages. Uncertainty as to the amount of damages will not defeat recovery. *Pace Corporation v. Jackson*, 155 Tex. 179, 284 S.W.2d 340 (1955). It is error to instruct a verdict when the evidence raises any material issue. *Air Conditioning v. Harrison-Wilson-Pearson*, 151 Tex. 635, 253 S.W.2d 422 (1952). The evidence introduced by Servisco raised an issue on actual damages and the trial court erred in instructing a verdict for Tramco.

It was held in *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484 (1952), that:

"The right of competent parties to make their own bargains is not unlimited. The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained. By the operation of that rule a party generally should be awarded neither less nor more than his actual damages. A party has no right to have a court enforce a stipulation which violates the principle underlying that rule. In those cases in which courts enforce stipulations of the parties as a measure of

damages for the breach of covenants, the principle of just compensation is not abandoned and another principle substituted therefor. What courts really do in those cases is to permit the parties to estimate in advance the amount of damages, provided they adhere to the principle of just compensation. Restatement of Contracts, Sec. 339, accurately expresses the rule as follows:

'(1) An agreement, made in advance of breach fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

'(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

'(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation.' "

A sum stipulated to be paid under an agreement should be treated as an unenforceable penalty if the agreement contains several matters of different degrees of importance and the sum stipulated is payable for the breach of any, even the least. The rationale is that the parties could not have adhered to the rule of just compensation in their negotiations preceding an agreement which affords the same reparation for the breach of a trivial, or comparatively unimportant, stipulation as for the breach of an important one or the whole contract. This is true even though the sum payable is designated as a payment for liquidated damages. *Stewart v. Basey*, supra. The contract under review provided, inter alia, that Tramco would rent all of its uniform requirements from Servisco during the term of the contract. When the rules herein set forth are applied to the covenant pertaining to the rental of all Tramco's uniform requirements, it is clear that the quoted provision calling for liquidated damages is in fact a provision for a penalty. Such provision provides that liquidated damages are payable in the event of a breach or termination of the agreement. It does not specify that liquidated damages are to be payable only in the event of wrongful termination or breach of the covenant to pay rentals. For us to hold otherwise would be to hold that Tramco could be liable for the same damages for the breach of the uniform requirements covenant as it could for wrongful termination even though it might rent or procure as few as one uniform from a source other than Servisco.

It is not necessary for us to decide whether Servisco would have been entitled to enforce the liquidated damage provision had the uniform rental contract contained no covenant to be performed by Tramco other than to pay rentals. Our holding is distinguishable from that of *Oetting v. Slake Uniform and Linen Service*, 553 S.W.2d 793 (Tex.Civ.App. Fort Worth 1977, no writ), inasmuch as that court found that the liquidated damage provision contained in the uniform rental contract there under review would only become operable in case of termination of the entire contract.

■ The quoted provision of the uniform rental contract under review provided that attorney's fees are recoverable as costs in addition to liquidated damages. Our holding that such provision calls for a penalty and is therefore unenforceable shall not prevent Servisco from recovering its attorney's fees as costs in the event it prevails on its claim for actual damages. A holding that a provision calling for liquidated damages is in fact one calling for a penalty does not vitiate the entire contract but only makes the penalty provisions unenforceable.

■ The final point of error to be decided pertains to the exclusion of evidence. Servisco attempted to introduce into evidence the uniform rental contract entered into between Tramco and one of Servisco's competitors for the purpose of showing that Tramco breached the contract under review because it was already obligated under the terms of a similar contract. In our opinion the trial court correctly sustained Tramco's objection. The excluded document was not relevant on the issue of whether or not Tramco was justified in terminating the contract. It was therefore susceptible to an objection of being res inter alios acta.

The judgment of the trial court will be reversed and the cause is remanded to the trial court for further proceedings consistent with the opinion.

Reversed and remanded.