SEISDATA, INC., Appellant,

v.

COMPAGNIE GENERALE DE
GEOPHYSIQUE, Appellee.

No. A2374.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 23, 1980.

Rehearing Denied May 14, 1980.

Charles W. Kelly, Ross, Griggs & Harrison, Dennis W. Craggs, Payne, Eastin & Widmer, Houston, for appellant.

G. Riley Hetherington, Teeter & Bazelides, Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

The district court granted summary judgment in this suit on sworn account and awarded the plaintiff the amount of the account plus interest and attorney's fees. Appellant, defendant below, Seisdata, Inc., contends in this court that the trial court erred in that appellee's cause of action was not based upon sworn account, and, additionally, issues of fact were presented by the pleadings that require resolution by trial. We affirm.

The petition of appellee, plaintiff below, Compagnie Generale de Geophysique, filed in the district court on June 28, 1979 was

duly verified in accordance with the provisions of Rule 185, Texas Rules of Civil Procedure. Attached as an exhibit was an invoice dated August 26, 1976 to "Seisdata, 7302 Harwin Drive, Suite 103, Houston, Texas 77036 USA" in the amount of $35,-000.00 for interpretation of 14 refraction lines in the Baltimore Canyon offshore oil and gas prospect. The petition named as defendant "Seisdata Services, Inc., a/k/a Seisdata, Inc." and alleged failure of the defendant to pay the invoice.

Defendant Seisdata answered by general denial and affirmatively pled the bar of the two year statute of limitations, which, prior to August 27, 1979, applied to actions for debt where the indebtedness is not evidenced by a contract in writing. Tex.Rev. Civ.Stat.Ann. art. 5526, subd. 4 (Vernon 1956). Defendant's answer was not verified.

On appellee's motion asserting failure of appellant to comply with Rule 185, which dictates that denial of a sworn account be under oath, the court below rendered the summary judgment here contested.

■ Appellant Seisdata argues that the suit is not based on sworn account and thus not governed by the provisions of Rule 185. It contends that the contract upon which the suit was based can be defined as either an "express contract" or a "special contract" and thus, perforce, this suit is not on sworn account. We disagree. Rule 185 encompasses:

> any action . . . founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done, or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney . . . .

Appellant cites *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958) in support of its contention that a suit on sworn account applies only to transfer of title to personal property, and, thus, this suit does not qualify as such and must be classified as a suit on express contract. *Meaders v. Biskamp,* as well as the other cases cited by appellant to support its argument of express contract and special contract rather than sworn account, deals with recovery of attorney's fees under article 2226, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1978). *Larcon Petroleum, Inc. v. Autotronic Systems,* 576 S.W.2d 873 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). Appellant has preserved no point of error relative to attorney's fees.

Rule 185, as contrasted to article 2226, while entitled "Suit on Sworn Account," in its body never specifically mentions sworn account. It deals with certain transactions on which systematic accounts have been kept and requires that denials of the truth or justice of the charges be sworn to. Among those transactions are sales of goods, personal services rendered and labor done or furnished.

Whether the unpaid invoice on which this suit is based be construed as for sale of the interpretation furnished, or for the service of interpreting the refraction lines, it is clearly within the provisions of Rule 185 set out above. Appellant's first point of error is overruled.

■ In its second point of error, Seisdata alleges that fact issues were raised by the pleadings. It asserts, correctly, that failure to comply with Rule 185 does not foreclose the assertion of other defenses. *Rizk v. Financial Guardian Ins. Agency, Inc.,* 584 S.W.2d 860 (Tex.1979). Thus, it contends that the issue of the applicability of the two year statute of limitations asserted in its pleadings and other fact issues implicit in the pleadings foreclose the rendering of summary judgment.

This contention is refuted by the Supreme Court's decision in *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979) in which the court declared that under the summary judgment rule, Tex.R.Civ.Proc. 166–A:

> Pleadings do not constitute summary judgment proof. *Hidalgo v. Sur. Sav. &*

*Loan Assn.,* 462 S.W.2d 540 (Tex.1971). The new rule requires that contentions be expressly presented in the written motion or in a written answer or response to the motion, and pleadings are not to be considered in determining whether fact issues are expressly presented in summary judgment motions. The terms "answer" and "response" as used in the context of the rule clearly refer to the motion and not to the pleadings generally. *Feller v. Southwestern Bell Tel. Co., supra* [581 S.W.2d 775 (Tex.Civ.App.)]. To hold otherwise would be to perpetuate the evil the rule change was designed to eliminate. *The written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion.* (Emphasis added).

■ Appellant failed to file any response to appellee's motion for summary judgment and is thereby precluded from asserting such defenses on appeal.

It is true that appellee's summary judgment motion is based on no summary judgment *proof* other than the pleadings. However, Rule 185 provides that in a suit on sworn account plaintiff's properly verified petition shall be taken as "prima facie evidence thereof." Appellee has thus furnished sufficient summary judgment proof to sustain the judgment. *Wilson v. Browning Arms Company,* 501 S.W.2d 705 (Tex. Civ.App.—Houston [14th Dist.] 1973, writ ref'd). Appellant's second point of error is overruled.

■ Appellant's third point of error asserts that a fact issue exists as to the identity of the party being sued, inasmuch as Seisdata Services, Inc. is not the same entity as Seisdata, Inc. or, indeed, perhaps a third party referred to by the invoice quoted above as "Seisdata" is the real party at interest. The petition clearly identifies Seisdata, Inc. as the party being sued, that being the purpose of naming the party. The letter from appellant to appellee which authorized the work was on the letterhead of Seisdata, Inc. and was attached to the petition as an exhibit. Appellant could

have no doubt that it was the party being sued. *Presley v. Wilson,* 125 S.W.2d 154 (Tex.Civ.App.—Dallas 1939, writ dism'd jdgment. cor.).

*Sundance Oil Co. v. Aztec Pipe & Supply Co.,* 576 S.W.2d 780 (Tex.1978), relied on by appellant, is clearly distinguishable. In that case there was genuine doubt as to which of the parties was indebted to the plaintiff. There is no such doubt here. Appellant's third point of error, as well as the first two, is overruled, and the judgment is therefore affirmed.