**MEINEKE DISCOUNT MUFFLER SHOPS, INC., Appellant,**

v.

**COLDWELL BANKER PROPERTY MANAGEMENT COMPANY and CB Institutional Fund II, Appellees.**

No. 18152.

Court of Appeals of Texas, Houston (1 Dist.).

March 18, 1982.

Mike Walter, Houston, for appellant.

William Warren, Houston, for appellees.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

In this breach of a contractual lease agreement action, appellant, Meineke Discount Muffler Shops, Inc. (Meineke), challenges the propriety of the granting of summary judgment in favor of the appellees, Coldwell Banker Property Management Company and CB Institutional Fund II, for breach of the lease agreement and damages thereon.

The facts show that Meineke sought to rent office and parking space from Coldwell Banker, which acts as managing agent for CB Institutional Fund II. Meineke and Coldwell Banker entered into a three-year lease on June 2, 1978, for office space at 6300 West Loop South, Bellaire, Texas, to commence on August 1, 1978 and expire on July 31, 1981. Rent was fixed in the lease at $1,031.33 per month, plus additional charges for parking space and operating expense adjustments. The lease further states that if Meineke elected to cancel the lease at the end of two years, it could do so providing notice was given to Coldwell Banker at least 120 days prior to the second anniversary of the lease. In such event, Meineke would become obligated to pay a fixed percentage (.3629) of the "Total Improvement Cost" of the leased premises. An apparent dispute developed, resulting in Meineke giving notice on or about February 5, 1980 (more than 120 days prior to the lease's second anniversary) that Meineke would vacate the premises on March 31, 1980, which it did. Coldwell Banker filed suit on April 23, 1980, some three months prior to the second anniversary of the lease.

Meineke's first point of error alleges that Coldwell Banker failed to prove an absence of material fact issues, thus precluding a right to summary judgment.

Coldwell Banker filed its motion for summary judgment on June 17, 1981. Meineke filed its first amended answer on July 13, 1981, in response to Coldwell Banker's first amended original petition. However, Meineke never responded in writing to the motion for summary judgment, nor appeared at the hearing on the motion, conducted July 27, 1981.

Tex.R.Civ.P. 166–A(c) (on summary judgments) states in part:

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time

of the hearing, or filed thereafter and before judgment with permission of the court, show that except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

Although Meineke filed its first amended answer subsequent to the filing of the motion for summary judgment, the amended answer does not constitute a response to the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). However, Meineke's failure to respond to the motion does not improve the quality of Coldwell Banker's summary judgment proof and does not preclude Meineke from challenging that Coldwell Banker's summary judgment proof is " . . . insufficient to establish as a matter of law the specific grounds relied on by the movant." *Fantastic Homes, Inc. v. Combs,* 596 S.W.2d 502 (Tex.1979). We thus turn to the grounds specifically relied on by Coldwell Banker and the proof in support thereof.

The grounds expressly relied on by Coldwell Banker are not stated in their motion for summary judgment. Rather, Coldwell Banker's motion states that it relies on its pleadings and adopts them by reference. This procedure has previously been approved by this Court in *State ex rel. Grimes County Taxpayers Association v. Texas Municipal Power Agency,* 565 S.W.2d 258 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ). Coldwell Banker's first amended original petition states at paragraph IV:

"On or about March 31, 1980, without prior approval or consent of Plaintiffs, the Defendant abandoned and vacated the premises, thereby breaching the Agreement and giving rise to Plaintiff's cause of action for damages as a result of the breach."

The "Agreement", being the office building lease entered into by the parties, states at paragraph 25:

"DEFAULT. The occurrence of any one or more of the following events shall constitute a default and breach of this Lease by Tenant.

25a. The vacating or abandonment of the Premises by Tenant."

Through requests for admissions, Coldwell Banker proved Meineke's acceptance of the lease terms forming the basis of the contract. Proof of abandonment was offered by the affidavits of three Coldwell Banker employees, each of whom stated in their affidavit that Meineke abandoned and vacated the leased premises on or about March 31, 1980, without the consent of Coldwell Banker.

■ Meineke argues that it was entitled to cancel the lease at end of the second year of the three year lease period, according to paragraph 34 of the lease. Paragraph 34 states in part:

34. OPTION TO CANCEL. Tenant shall have the right to cancel Lease at the end of the first two (2) years of the Lease term under the terms and conditions described hereunder.

(i) Tenant must notify Landlord of intention to cancel Lease at least 120 days prior to second (2nd) anniversary of the commencement date of this Lease [August 1, 1978].

(ii) Tenant must pay in cash EITHER, (a) at the time of cancellation a penalty equal to $0.3629 for every $1.00 of Total Improvement Cost spent in making Premises ready for occupancy by Tenant . . ."

As paragraph 34 unambiguously states, Meineke's right to cancel did not accrue until two years after commencement of the lease. The leasehold commenced on August 1, 1978; Meineke was entitled to effect a cancellation on August 1, 1980. By abandoning the premises on March 31, 1980, some four months prior to the second anniversary of the lease period, Meineke breached, rather than cancelled, the lease agreement. Meineke did not properly controvert these facts.

■ We hold the summary judgment evidence sufficient to prove Meineke's breach of the lease agreement. Meineke alleges several "fact issues" that Coldwell Banker failed to negate, none of which were properly presented to the trial court during the hearing, or in a responsive pleading to Coldwell Banker's motion for summary judgment.

[I]t is no longer the duty of the trial court or the appellate court to sift the summary judgment record to see if there are other issues of law or fact "that could be raised by the non-movant in the trial court but were not." Instead, they may now review the summary judgment record in the light of the issues expressly raised and actually presented to the trial court by the parties in their written motions and responses.

*Wooldridge v. Groos National Bank*, 603 S.W.2d 335, 344 (Tex.Civ.App.—Waco 1980, no writ). However, rather than seeking summary judgment solely on the issue of liability for the breach, Coldwell Banker additionally moved for summary judgment on the amount of damages owing by reason of the breach. To do so, Coldwell Banker relied on the rules pertaining to suits on sworn accounts, Tex.R.Civ.P. 93(k), 185. No cases cited by Coldwell Banker involve the use of the sworn account rules to prove damages for the breach of lease for realty.

It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties).

*Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75 (1958). The sworn account rules have previously been held inapplicable to suits on lease agreements. *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex. 1962); *Parmer v. Anderson*, 456 S.W.2d 271 (Tex.Civ.App.—Dallas 1970, no writ). Thus, absent the evidentiary presumptions supplied by the sworn account rules, Coldwell Banker can prevail on the summary award of damages only if supported by uncontroverted evidence as to the amount due.

■ Pursuant to paragraph 26 of the lease agreement and the generally accepted measures of recovery in breach of lease actions, Coldwell Banker had two remedies available to it for compensation for the breach. Coldwell Banker could ". . . treat the abandonment as a breach of the contract resulting in a termination of the lease and hold [Meineke] for damages, or disregard the notice, keep the contract alive and sue for rents accruing thereafter." *Stubbs v. Stuart*, 469 S.W.2d 311 (Tex.Civ.App.— Houston [14th Dist.] 1971, no writ). Coldwell Banker's first amended original petition is entirely unclear as to which measure of recovery it is asserting. The petition states at paragraph V:

"Despite the diligent efforts of the Plaintiffs to re-lease (sic) the premises, the same has not been re-leased,"

thus implying an acceptance of the breach and a retaking of the premises. However, paragraph V goes on to allege damages for the rent accruing on the four remaining months at the second year of the lease and the cancellation penalty (in lieu of the third year's aggregate rent). Such damages only result by keeping the lease in effect and suing for rent as it accrues. This ambiguity in Coldwell Banker's petition presents a material fact issue as to the measure of damages sought from Meineke, thus precluding summary judgment as to the issue of damages. We therefore sustain Meineke's first point of error. Meineke's second point of error challenges the measure of damages employed by the trial court and is sustained for the reasons discussed above.

■ Points of error three and four challenge the award of attorney's fees. These need not be discussed in view of the disposition of this appeal, but are nevertheless overruled. Point of error five alleges error by the trial court in failing to find that Meineke raised the affirmative defense of

fraud. No such issue was expressly presented to the trial court by written answer and is thus not before us for review. Tex.R.Civ.P. 166–A; *Fisher v. Capp*, 597 S.W.2d 393 (Tex.Civ.App.—Amarillo 1980, no writ).

The judgment of the trial court is affirmed as to the issue of liability for the breach and reversed and remanded for further proceedings on the issue of damages. Costs are assessed one half to appellant and one half to appellees.