R.K. MURPHY a/k/a Ken Murphy d/b/a Murphy's Exxon and d/b/a Murphy's Chevron, Appellant,

v.

CINTAS CORPORATION, Appellee.

No. 12–94–00371–CV.

Court of Appeals of Texas, Tyler.

Feb. 23, 1996.

Rehearing Overruled March 14, 1996.

H.L. McGee, for appellant.

Ronnie Horsley, Tyler, for appellee.

HOLCOMB, Justice.

Ken Murphy appeals from a judgment awarding Cintas Corporation $6,167.30 for breach of a uniform rental agreement. In the first six points of error, Murphy challenges the legal sufficiency of the evidence to support the court's award of liquidated damages. In his seventh point, Murphy contends that the court erred when it awarded liquidated damages because the stipulated damage clause in the contract was an unenforceable penalty, as a matter of law. In his last point, Murphy contends that the court erred when it refused to set aside the judgment and render a take-nothing judgment in his favor. In one cross-point, Cintas contends that the court erred when it permitted Murphy to file a trial amendment after the court had taken the case under advisement. We will affirm.

Cintas Corporation is a national company that rents uniforms, towels and mats to businesses on a weekly basis. Murphy owns and

operates an Exxon and Chevron service station in Tyler, Texas. From 1988 until 1991, Murphy and Cintas entered into a series of contracts to rent uniforms. Initially, Cintas filed suit against Murphy alleging that he had failed to pay in accordance with their agreements which resulted in $8,724.59 in damages. As exhibits to its petition, Cintas attached the contracts, the invoices and Cintas's affidavit stating that the claim against Murphy was just and true, that it was due, and that all just and lawful credit had been allowed. TEX.R.CIV.P. 185.

Murphy answered by an unsworn denial, but alleged that Cintas "fail[ed] to furnish clean, high quality garments and fail[ed] to replace torn, damaged and worn garments when requested." Murphy also alleged that Cintas was not entitled to recover liquidated damages because the liquidated damage provision was an unenforceable penalty. After a non-jury hearing, the court rendered judgment in favor of Cintas. Neither party requested findings of fact and conclusions of law.

In points one, two, three, four, five, six and eight, Murphy challenges the legal sufficiency of the evidence to support the court's award of liquidated damages. According to Murphy, the record is void of any evidence regarding the amount of monetary loss that Cintas actually suffered as a result of the breach or the reasonableness of the liquidated damage provision. He also argues that the record is void of any evidence that the amount of liquidated damages was a reasonable forecast of just compensation. Therefore, Murphy concludes that the court erred when it awarded damages in accordance with the liquidated damage provision of the contract rather than awarding damages in accordance with common law contract law. We do not agree.

■ When findings and conclusions are neither requested nor filed, the trial court is presumed to have made all of the findings necessary to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). All questions of fact are presumed found in support of the judgment and the judgment will be upheld on any legal theory raised by the evidence. *Point Lookout West,*

*Inc. v. Whorton*, 742 S.W.2d 277, 278–79 (Tex.1987). Further, Murphy's points of error are "no evidence" points. In deciding a "no evidence" point, we must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988).

■ Here, we have a dispute between the parties about whether the court rendered judgment on a suit on sworn account or breach of contract. TEX.R.CIV.P. 185. To be a valid suit on sworn account, the account or liquidated money demand must involve a claim for goods, wares, merchandise, personal services rendered, labor done or labor or materials furnished. *Great–Ness Prof. Serv. v. First Nat. Bank of Louisville*, 704 S.W.2d 916, 917 (Tex.Civ.App.—Houston [14th Dist.] 1986, no writ). Had Cintas properly filed a suit on a sworn account in accordance with Rule 185, and Murphy had failed to file a written denial under oath, Murphy could not have denied Cintas's claim, he could not have disputed that he received the services, and he could not have disputed the correctness of the stated charges. *Vance v. Holloway*, 689 S.W.2d 403, 404 (Tex.1985); *Airborne Freight Corp. v. CRB Marketing, Inc.*, 566 S.W.2d 573, 575 (Tex.1978). However, a lawsuit involving a breach of a lease agreement is not a valid claim on sworn account because a lease agreement does not involve a purchase and sale, and title to personal property has not passed from one party to another. *Id.* Thus, we hold that Cintas's cause of action against Murphy is not a suit on sworn account as a matter of law. *Id.*

■ Having determined that the court rendered judgment in favor of Cintas under a breach of contract, we will determine whether there is any evidence to support the damage award. Murphy argues that, because Cintas did not offer proof of its actual damages, there was no evidence in the record to show that the liquidated damage provision in the contract was reasonable. As an affirmative defense to Cintas's claim for liquidated damages, Murphy pled penalty. TEX. R.CIV.P. 94; *Phillips v. Phillips*, 820 S.W.2d

785, 789 (Tex.1991). In doing so, Murphy not Cintas had the burden to prove that the liquidated damage provision was unreasonable and a penalty. *Gorman v. Life Ins. Co. of North America*, 811 S.W.2d 542, 546 (Tex. 1991). Murphy did not offer any evidence to prove the amount of Cintas' actual damages. Accordingly, points one, two, three, four, five, six and eight are overruled.

■ In his seventh point, Murphy contends that the court erred when it awarded Cintas liquidated damages because the contractual provision was, as a matter of law, an unenforceable penalty. The disputed liquidated damage clause stated:

> In the event of cancellation of this service agreement by the Customer prior to the termination date, other than for failure of the Company to perform under its guarantee, the Customer will pay the greater of 50% of the weekly service charge per person per week for the unexpired term, or buy back all of the garments in inventory at the rates listed above as replacement value.

Citing *Servisco v. Tramco Inc.*, 568 S.W.2d 434, 437 (Tex.App—Texarkana 1978, writ ref'd n.r.e); *Mayfield v. Hicks*, 575 S.W.2d 571, 575 (Tex.App.—Dallas 1978, writ ref'd n.r.e.) and *Bethel v. Butler Drilling Co.*, 635 S.W.2d 834, 837 (Tex.App.—Houston 1982, writ ref'd n.r.e), Murphy argues that a contract provision is a penalty and is unenforceable if it provides for unreasonable payments for a minor breach. In *Servisco*, the court held that "a sum stipulated to be paid under an agreement should be treated as an unenforceable penalty if the agreement contains several matters of different degrees of importance and the sum stipulated is payable for the breach of any, even the least." Murphy argues that, under the language of the Cintas–Murphy agreement, Murphy could have been liable for the same amount of damages whether he breached the agreement by failing to pay the rental for all of the uniforms, by failing to pay for one shirt or by violating any of the other obligations contained in the contract. Murphy also contends that the harm caused by the breach must not be capable of estimation or difficult to estimate to be an enforceable liquidated

damage stipulation. Because employees of Cintas testified that documentation of the actual damage that Cintas incurred as a result of the breach were available at the time of trial, Murphy concludes that Cintas admitted that the liquidated damage provision was unenforceable.

In *Stewart v. Basey*, the Supreme Court considered the difference between an enforceable liquidated damage provision and an unenforceable penalty. *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484 (1952). More recently, the courts have restated this two-part *Stewart* test when analyzing the validity of a contractual damages provision:

> In order to enforce a liquidated damage clause, the court must find:
>
> (1) that the harm caused by the breach is incapable or difficult of estimation; and
>
> (2) that the amount of liquidated damages called for is a reasonable forecast of just compensation.

*Phillips*, 820 S.W.2d at 788. For the provision to be an unenforceable penalty, the uncertainty of the damages and the reasonableness of the stipulation must have existed at the time when the contract was executed. *Oetting v. Flake Uniform & Linen Service*, 553 S.W.2d 793, 796 (Tex.Civ.App.—Ft. Worth 1977, no writ). Even though Murphy contends that the actual damage incurred by Cintas could have been calculated at the time of trial, such testimony was long after the contract between Cintas and Murphy had been executed. To forecast the actual damages to Cintas as a result of Murphy's termination of the contract sixty months in advance would be fraught with uncertainty. Further, similar contracts for liquidated damages have been approved in *Liberty Sign Co. v. Newsom*, 426 S.W.2d 210 (Tex.1968); *Blakeway v. National Credit Corporation*, 439 S.W.2d 155 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.); *Blakeway v. General Electric Credit Corporation*, 429 S.W.2d 925 (Tex. Civ.App.—Austin 1968, writ ref'd n.r.e.); *Hyde v. Claude Neon Federal Co.*, 157 S.W.2d 952 (Tex.Civ.App.—Eastland 1941, writ dism'd); *White v. Wilbanks*, 144 S.W.2d 941 (Tex.Civ.App.—Amarillo 1940, no writ). Accordingly, we hold that the liquidated

damage clause is enforceable. Point seven is overruled.

In his last point of error, Murphy contends that the court erred when it refused to set aside the judgment and render a take-nothing judgment in his favor. However, he failed to cite any authority to support his position. Under Rule 74(f), Murphy's point is not preserved for our review. TEX. R.APP.P. 74(f); *Tobias v. Univ. of Texas at Arlington*, 824 S.W.2d 201, 206–07 (Tex. App.—Fort Worth 1991, writ denied).

In one cross-point, Cintas contends that the court erred when it allowed Murphy to file a trial amendment after the case had been heard by the court. According to Cintas, Murphy had failed to plead the defense of penalty to the contract action under Rule 94 until after both parties had closed and the court had taken the case under advisement. TEX.R.CIV.P. 94. However, the only answer in the transcript is Defendant's Second Amended Original Answer. The record before us does not contain any of the answers that precede Murphy's last amended answer, from which Cintas complains. Accordingly, we cannot determine from the record to what extent Murphy amended his prior pleadings. To complain of error on appeal, it is incumbent upon the complaining party to submit evidence in the record to support his claim. TEX.R.APP.P. 50(d). Cintas's cross-point is overruled.