Kordula SCHORER, Appellant,

v.

BOX SERVICE COMPANY, Appellee.

No. 01–95–01369–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 20, 1996.

Rehearing Overruled Aug. 29, 1996.

Rusell D. Weaver, Houston, for Appellant.

J. Edward Davey, Houston, for Appellee.

Before HUTSON–DUNN, MIRABAL and HEDGES, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, Kordula Schorer (Kordula), appeals by writ of error a directed verdict granted in favor of appellee, Box Service Company (Box). In 10 points of error, Kordula complains of the legal and factual sufficiency of the evidence to support the judgment against her, and she complains of the amount of attorney's fees awarded against her. We reverse.

Auto German Imports, Inc. (AGI) was incorporated on April 12, 1982. Josef Michael Schorer was the director and president of AGI, Karolin Schorer was the vice president and secretary, and Kordula Schorer was the treasurer. On June 16, 1985, AGI had its corporate privileges forfeited for failure to satisfy franchise tax requirements. As notified by the Secretary of State of Texas, the corporate charter was forfeited December 2, 1985. The corporate charter was not reinstated.

On August 28, 1987, Box entered into a written lease agreement with Auto German Imports and Josef Schorer, whereby Josef leased a forty-foot container, the BSA 420. The BSA 420 container was delivered to 11460 Gulf Freeway, and the lease provided that Josef would not move the container without Box's consent. The lease agreement for the BSA 420 provided for lease payments of $109.50 per month. It also provided that if Josef did not make the rental payments, Box may immediately terminate the agreement and repossess the container, and Josef would remain liable for all sums due and unpaid.

In 1990, when Josef moved the business from the Gulf Freeway address to 8910 Edgebrook, he also moved the container without Box's consent. Josef did not pay rentals due under the lease agreement. Invoices dated from September 18, 1990, to September 10, 1993, valued at $4,698.91 were not paid. On July 8, 1992, Box sent a letter to Josef, AGI, Karolin Schorer and Kordula informing them of the continued default of rental payments due and that it was terminating the lease agreement. On September 9, 1993, Box repossessed its container at a cost of $399.51.

Box filed suit against AGI, Josef Schorer, Karolin Schorer, Kordula, and Josef Michael Schorer, d/b/a AGI. When Box amended its pleadings, it alleged this was a suit on a sworn account. It prayed for rentals due in the amount of $4,698.91, damages for removing the container at a cost of $399.51, and attorney's fees in an amount not less than $3,000. Both Josef and Kordula, representing themselves *pro se*, answered separately, but neither verified their answers in compliance with TEX.R.CIV.P. 93(10). Kordula did not participate in any other pretrial proceedings or the trial. A jury heard testimony from John Nicholson, president and chief operating officer of Box, and Josef cross-examined him. After Nicholson testified, the court directed the verdict in favor of Box

because none of the parties verified their answers as required by TEX.R.CIV.P. 93(10).[1]

■■■ Kordula appeals by writ of error to this Court. In order to obtain relief from an adverse judgment by a writ of error to the court of appeals, the party seeking relief must show (1) the petition was perfected within six months of the date of the judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) there is error apparent on the face of the record. *Havens v. Ayers*, 886 S.W.2d 506, 508 (Tex. App.—Houston [1st Dist.] 1994, no writ). In this case, the judgment was signed on April 17, 1995, and the writ of error was perfected on October 16, 1995. Appellant was a party to the suit who did not participate in trial.[2] Thus, the only remaining issue is whether there is error apparent on the face of the record.

Box contends in his pleadings this was a suit on a sworn account, and the trial court directed the verdict in favor of Box because this was a suit on a sworn account and none of the parties verified their answers. However, the sworn account rules have previously been held inapplicable to suits on lease agreements. *Murphy v. Cintas*, 923 S.W.2d 663, 665 (Tex.App.—Tyler 1996, n.w.h.); *Great–Ness Professional Serv. v. First Nat'l Bank of Louisville*, 704 S.W.2d 916, 917 (Tex. App.—Houston [14th Dist.] 1986, no writ); *Meineke Discount Muffler Shops, Inc. v. Coldwell Banker Property Management Co.*, 635 S.W.2d 135, 138 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). This Court notes that the *Meineke* case, on which *Murphy* and *Great–Ness* rely, was issued under a former version of TEX.R.CIV.P. 185.[3] However, the 1984 amendment to rule 185 did not substantively change the rule; rather, the rule was rewritten so that suits on sworn accounts would be subject to ordinary rules of pleadings and practice.[4] Because the 1984 amendment to the rule did not change the

---

1. TEX.R.CIV.P. 93(10) provides:
   A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.
   . . . .
   (10). A denial of an account which is the foundation of the plaintiff's action, and supported by affidavit.

2. We note that filing an answer, alone, does not constitute participating in trial so as to preclude review by writ of error. *Bailout Bonding Co. v. State*, 797 S.W.2d 275, 276 (Tex.App.— Dallas 1990, writ ref'd).

3. When any action or defense is founded upon an open account or other claim for goods, ware and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim, shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; provided, that when such counter-affidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time. When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be.
   TEX.R.CIV.P. 185 (Vernon 1976).

4. When any action or defense is founded upon an open account or other claim for goods, ware and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim, shall file a written denial, under oath. [Change begins here.] *A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be. No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings.*
   TEX.R.CIV.P. 185 (Vernon 1995) (written as amended in 1984) (emphasis added).

substantive application of rule 185, the rule in *Meineke* is unaffected by the amendment, and we continue to rely on its holding.

█ Our posture on review is to look for error on the face of the record. Because the trial court directed a verdict on the erroneous basis that this suit involved a sworn account, we hold there is error on the face of the record.

We reverse the portion of the judgment of the trial court that was directed against Kordula and remand the case for a trial on the merits.

MIRABAL, Justice, concurring.

I agree that the trial court erred when it directed a verdict against appellant, and therefore the judgment must be reversed and the case remanded as to appellant. I reach this conclusion because I think the arguments appellant makes in her brief are meritorious. This is a "concurring opinion," however, because I disagree with the majority's analysis. The majority relies on an argument that, for good reason, was not advanced by appellant.

This case involves a lease of a boxcar-sized container, calling for regular monthly rental payments. The plaintiff sued to recover the total amount of delinquent monthly rental payments, costs of repossessing the container, and attorneys' fees. The plaintiff filed the suit as a sworn account, complying with the pleading requirements of TEX.R.CIV.P. 185. In my opinion, this was a valid suit on a sworn account.

The majority holds that, because this is a suit on a *lease agreement,* the sworn account rules are inapplicable. I disagree.

Rule 185 covers "any action ... founded upon a ... claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract ... on which a systematic record has been kept." In the present case, the plaintiff sued on a written contract involving the transfer of goods; a systematic record of charges and payments had been kept; and the claim was for a liquidated money demand. The majority holds, however, that this is not enough, relying on cases [1] that add the *further requirements* that to qualify for a sworn account, a claim must involve:

(1) a purchase and sale; and
(2) passing of title to personal property from one party to another.

The majority notes that the *Murphy* case relies on the *Great–Ness* case, and the *Great–Ness* case relies on the *Meineke* case; however, the majority prematurely stops there. The important point is that the *Meineke* case relies on *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75, 78 (1958), and cases that relied on *Meaders. Meineke,* 635 S.W.2d at 138. The 1958 *Meaders* case applied the "common law sworn account" rules; since then, the scope of rule 185 has been expanded by amendment beyond the contours of the common law sworn account. *See William V. Dorsaneo,* 1 TEX.LITIGATION GUIDE § 11.05[2] (1995). *See also Vance v. Holloway,* 689 S.W.2d 403, 404 (Tex.1985) (rule 185 sworn account suit proper in action by oil well developer to recover operating costs from working interest owner); *Seisdata v. Compagnie Generale De Geophysique,* 598 S.W.2d 690, 691 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) (suit to recover for service of interpreting refraction lines in offshore oil and gas field properly brought as suit on sworn account). Accordingly, *Meaders* and its progeny are no longer controlling.

Professor Dorsaneo accurately states that, "The courts have had difficulty in arriving at a consistent interpretation of the scope of Rule 185." 1 TEX.LITIGATION GUIDE, Sec. 11.05[2] pp. 11–39 (1995). Hopefully, the Texas Supreme Court will see fit to set us straight before too much longer.

1. The majority relies on *Murphy v. Cintas,* 923 S.W.2d 663, 665 (Tex.App.—Tyler 1996, n.w.h.); *Great–Ness Professional Serv. v. First Nat'l Bank of Louisville,* 704 S.W.2d 916, 917 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Meineke Discount Muffler Shops, Inc. v. Coldwell Banker Property Management Co.,* 635 S.W.2d 135, 138 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).