Reversed and Remanded and Memorandum Opinion filed April 3, 2008








Reversed and Remanded and Memorandum Opinion filed April 3,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00063-CV

____________

 

AKIB CONSTRUCTION, INC., Appellant

 

V.

 

NEFF RENTAL, INC., Appellee

 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 845514-101

 



 

M E M O R A N D U M   O P I N I O N








Appellant, AKIB Construction, Inc., appeals from a summary
judgment favoring appellee, Neff Rental, Inc.  Neff sued AKIB over the use of
construction equipment owned and leased out by Neff.  Neff pleaded causes of
action for suit on a sworn account, breach of contract, and quantum meruit. 
Neff further filed a motion seeking summary judgment on each of these theories
of recovery.  The trial court granted the motion without specifying the grounds
therefor.  In a single issue, AKIB contends that the trial court erred in
granting summary judgment.  Specifically, AKIB asserts that judgment was
legally improper if based on a theory of suit on a sworn account and that
material issues of fact preclude summary judgment on the breach of contract and
quantum meruit theories.  We reverse and remand.

I.  Background

Manzoor A. Memom, president of AKIB Construction, signed an
application for credit to open an account with Neff Rental.  Subsequently, Neff
delivered construction equipment to a construction site, where invoices were
apparently signed by representatives or employees of Bean Excavation Co., a
subcontractor to AKIB.  The invoices state that the listed equipment is being
rented to AKIB.  AKIB (according to Memom) then paid approximately $14,000 for
the rentals but at some point stopped paying bills sent by Neff.[1] 
Neff subsequently sued, alleging that AKIB owed an additional $14,507.03 for
the rentals.  Neff=s petition raised causes of action for
suit on a sworn account, breach of contract, and quantum meruit.

In a Second Amended Motion for Final Summary Judgment, Neff
argued that it was entitled to judgment as a matter of law because AKIB had
agreed to pay the invoices and failed to do so.  In the motion, Neff primarily
relied upon the credit application, the invoices, and Memom=s deposition
testimony.  In his deposition, Memom admitted that he signed the credit
application, knew that the equipment was being rented under his account, and
paid certain of the invoices.  He further acknowledged that he never notified
Neff that Bean personnel were not permitted to order equipment under the
account.  He insisted, however, that although he was responsible for rental
payments up to $14,000 (pursuant to his contract with Bean), the rental
agreement was between Bean and Neff.








In an affidavit attached to the motion, Todd Dubeau stated
that he was the authorized representative of Neff.  He further averred that (1)
Neff Ahas provided goods
and/or services to [AKIB] on an ongoing account,@ (2) AKIB owes
Neff Afor unpaid goods
and/or services rendered in the total amount of $14,507.03,@ and (3) A[t]here are no
offsets currently pending.@  Attached to the affidavit were AKIB=s credit
application and a number of invoices.

In its response to the motion, AKIB argued generally that
Neff had failed to prove as a matter of law all elements of its causes of
action and that there was a genuine issue of material fact on each cause of
action precluding summary judgment.[2] 
AKIB further asserted that it never contracted with Neff; instead, the only
contract for rentals was between Neff and Bean.  AKIB additionally argued that
Neff=s billing failed
to account for adjustments for periods when the equipment could not be used due
to inclement weather and equipment failures.  In the response, AKIB stated that the promise of
adjustments was made by Bean; however, in his deposition (attached to Neff=s motion), Memom suggested that Bean
in turn received those promises from Neff.








In an affidavit attached to the response, Memom averred
that representatives of Bean ordered the equipment from Neff.  He said that
pursuant to the agreement between Bean and AKIB, a Atotal allowance of
$14,000 was authorized for the equipment rental.@  He also reiterates
an entitlement to adjustments for days when the equipment could not be used and
asserts that Neff has denied such credit.  Lastly, Memom averred that A[t]he equipment
was rented to a plumbing contractor, friend of [the] owner of the Bean
Excavation Co. without informing [AKIB].@  The record does
not reflect that Neff objected to any statements in Memom=s affidavit or
other summary judgment evidence.

The trial court granted summary judgment favoring Neff,
awarding it $14,507.03 in actual damages plus prejudgment interest and attorney=s fees.  The trial
court did not specify the basis for its ruling.

II.  Analysis

We review a grant of summary judgment under a de novo
standard.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).  When, as here, the trial court grants summary judgment without
specifying the grounds on which it bases its decision, we must affirm the
judgment if any of the grounds presented by the movant are meritorious.  FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872‑73 (Tex.
2000).  When reviewing a grant of summary judgment, we take as true all
evidence favorable to the nonmovant and indulge every reasonable inference and
resolve any doubts in the nonmovant=s favor.  Joe
v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004).  In a
traditional motion for summary judgment under Texas Rule of Civil Procedure
166a(c), such as was filed by Neff, the movant has the burden of demonstrating
that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425
(Tex. 1997).

A.  Suit on a Sworn Account








We begin by considering Neff=s suit on a sworn
account claim.  When a party has pleaded an action founded upon an open account
on which a systematic record has been kept, Rule 185 of the Texas Rules of
Civil Procedure authorizes that party, under certain circumstances, to
establish a prima facie case by filing an affidavit that the claim is just and
true, due, and that all just and lawful offsets, payments, and credits have
been allowed.  Tex. R. Civ. P. 185. 
Although Neff contends that it fulfilled the requirements of Rule 185 in the
present action, several courts of appeals, including the Fourteenth, have held
that suit on a sworn account is inapplicable when the underlying agreement
resulting in the alleged debt was a lease agreement.  See, e.g., Schorer v.
Box Serv. Co., 927 S.W.2d 132, 134‑35 (Tex. App.CHouston [1st
Dist.] 1996, writ denied); Murphy v. Cintas Corp., 923 S.W.2d 663, 665
(Tex. App.CTyler 1996, writ denied); Great‑Ness Prof.
Servs., Inc. v. First Nat=l Bank, 704 S.W.2d 916,
917 (Tex. App.CHouston [14th Dist.] 1986, no writ).[3] 
Neff does not dispute
that its suit on a sworn account theory of recovery is based on an alleged
lease agreement.

Neff
contends that AKIB=s failure to argue improper use of sworn account in the trial
court resulted in waiver of this argument on appeal, citing Clifton v.
American Express Centurian Bank,  No. 09-06-00283-CV, 2007 WL 2493517 (Tex.
App.CBeaumont 2007, no pet.).  The Clifton
court indeed held that the appellant in that case could not raise a similar
issue (the impropriety of suit on a sworn account based on a credit agreement)
on appeal because he had not raised it in the trial court.  Id. at *1. 
However, Clifton was not an appeal from a summary judgment.  Id. 
In the summary judgment context, such as we encounter here, an appellant may
attack the legal sufficiency of the grounds on which judgment was based even if
it did not do so in the trial court.  E.g., McConnell v. Southside I.S.D.,
858 S.W.2d 337, 343 (Tex. 1993); Tello v. Bank One, N.A., 218 S.W.3d
109, 118-19 (Tex. App.CHouston [14th Dist.] 2007, no pet.). 

Neff
additionally argues that the courts of appeals addressing the sworn
account/lease agreement issue simply got it wrong, citing Schorer,
927 S.W.2d at 135 (Mirabal, J., concurring).  We decline to adopt the position
set forth in the Schorer concurring opinion, which disagrees with the
longstanding principle that Rule 185 does not apply to lease agreements.  Neff
also cites Tenneco
Oil Co. v. Padre Drilling Co., 453 S.W.2d 814 (Tex. 1970), a case involving recovery of
attorney=s fees, in an attempt to persuade us
to change the applicability of the sworn account remedy.  The analogy is too
remote to be compelling.








We find
no merit in Neff=s contention that a suit on a sworn account can be based on a
lease agreement.  Because Neff=s sworn account was based on a lease agreement, the trial
court erred if it based the summary judgment on this theory of recovery.

B.  Breach of Contract

We next turn to the breach of contract theory of recovery. 
To be entitled to summary judgment on a breach of contract claim, a plaintiff
must conclusively demonstrate (1) the existence of a valid contract; (2)
performance or tendered performance by the plaintiff; (3) breach of the
contract by the defendant; and (4) damages sustained as a result of the
breach.  E.g., Winchek v. Am. Express Travel Related Servs. Co., 232
S.W.3d 197, 202 (Tex. App.CHouston [1st Dist.] 2007, no pet.).  A
valid and enforceable contract is formed by an offer, an acceptance, a meeting
of the minds, and an expression of the terms with sufficient certainty so that
there is no doubt regarding the parties= intentions.  MG
Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc., 179 S.W.3d 51, 61
(Tex. App.CSan Antonio 2005, pet. denied).  While Texas courts
favor validating transactions rather than voiding them, the courts may not
create a contract where none exists.  Kelly v. Rio Grande Computerland Group,
128 S.W.3d 759, 766 (Tex. App.CEl Paso 2004, no pet.).  See generally
Angelou v. African Overseas Union, 33 S.W.3d 269, 278-80 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (discussing at length the requirements for contract formation).








As proof of contract formation, Neff points to AKIB=s signing of the
credit application as well as the signature of Bean representatives on the
invoices listing AKIB as renter.  On its face, however, the credit application
does not set any terms regarding the equipment rentals but merely seeks the
extension of credit.  Indeed, the document does not even contain a promise by
AKIB to pay or any promises whatsoever by Neff.[4] 
It is merely an application to open a credit account.  Although there is some
suggestion in the evidence that Bean may have been acting in a representative
capacity for AKIB in signing the invoices, such evidence is inferential only
and does not establish agency as a matter of law.[5]

Furthermore, in both his deposition testimony attached to
Neff=s motion and his
affidavit attached to AKIB=s response, Memom asserted that the
contract for equipment rental was between Bean and Neff.  He insists that AKIB
did not enter such a contract and did not order any equipment; rather, AKIB
agreed (with Bean) only to make payments for the rentals up to $14,000. 
Consequently, a fact issue exists as to whether a contract was ever formed
between AKIB and Neff obligating AKIB to pay for all rentals requested.  The trial court therefore erred if it
based the summary judgment on Neff=s breach of contract theory of recovery.

C.  Quantum Meruit








Lastly, we look at Neff=s quantum meruit
cause of action.  Quantum meruit is an equitable remedy which does not arise
out of a contract but is independent of it.  Vortt Exploration Co. v.
Chevron USA, Inc., 787 S.W.2d 942, 944 (Tex. 1990).  In fact, a party may
generally recover on quantum meruit only when no express contract covers the
services or goods at issue.  Id.  The quantum meruit remedy is based
upon the promise implied by law to pay reasonable value for beneficial services
knowingly accepted.  See id.  To recover under quantum meruit, a
claimant must prove that:  (1) valuable services were rendered or goods
provided; (2) for the person sought to be charged; (3) which services or goods
were accepted by the person sought to be charged, used and enjoyed by him; (4)
under such circumstances as reasonably notified the person sought to be charged
that the plaintiff in performing such services or providing such goods was
expecting to be paid by the person sought to be charged.  See id. 
Additionally, the claimant must establish the reasonable value for the services
that were rendered or materials provided.  Hudson v. Cooper, 162 S.W.3d
685, 688 (Tex. App.CHouston [14th Dist.] 2005, no pet.).  If
the claimant does not establish reasonable value as a matter of law, the issue
is one for a finder of fact to determine.  See id.

In its Second Amended Motion for Final Summary Judgment,
Neff devotes scant attention to its quantum meruit cause of action.  At no
point in the motion does Neff cite to any evidence that AKIB accepted any
services or materials or used and enjoyed them.  Instead, Neff=s allegations
focus on AKIB=s supposed agreement to pay for the leased equipment.

Additionally, Neff=s motion cites to
no evidence of the value of the services rendered.  Although various invoices
are attached to the motion, there is no claim (in the motion or in any attached
affidavit) that the charges reflected on the invoices constituted reasonable
value for services rendered.  Consequently, Neff has failed to conclusively
establish its right to recovery under its quantum meruit cause of action.  See
id.  The trial court therefore erred if it based its judgment on this
theory of recovery.  Because we find that the trial court=s grant of summary
judgment is not supported by any of the grounds raised in Neff=s motion, we
sustain AKIB=s sole issue.

We reverse the trial court=s judgment and
remand for further proceedings in accordance with this opinion.

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion filed April 3, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Brown.









[1]  There is some discrepancy in the record regarding
exactly how much AKIB paid Neff, but it is undisputed that AKIB did make
payments to Neff.





[2]  In its brief, Neff suggests that we should not
consider AKIB=s response to the motion for summary judgment because
it was filed prior to Neff=s filing its
Second Amended Motion, which the trial court granted.  In its Amended Motion
(filed prior to the Second Amended Motion), Neff sought judgment only on its
suit on a sworn account cause of action; in the Second Amended Motion, Neff
sought judgment on all three of its causes of action.  Although filed prior to
the filing of Neff=s Second Amended Motion, AKIB=s response indeed addresses the possibility of summary
judgment on all three causes of action.  We will not ignore AKIB=s arguments on breach of contract and quantum meruit
simply because AKIB filed the response before Neff filed its last amended
motion. Both documents (the Second Amended Motion and AKIB=s earlier response) were before the trial court when
it granted judgment.  The important questions here are whether Neff has proven
any of its causes of action as a matter of law and whether AKIB has raised any
issues that would prevent summary judgment on those claims, not the
chronological order of the motions and the response.





[3]  Although the Great-Ness case was decided
under a prior version of Rule 185, as the Schorer court explained, the
amendment did not change the substantive application of the Rule.  Schorer, 927 S.W.2d at 134‑35.

 





[4]  The document does contain a personal guarantee
signed by Memom for debts incurred by AKIB; however, Memom is not a defendant
in the present action.





[5]  Specifically, AKIB=s payment of invoices signed by Bean but listing AKIB as renter
suggests the possibility that Bean may have been acting as AKIB=s agent.  However, Memom refutes this in his
deposition and affidavit.

We further note that at no point (in the
court below or on appeal) does Neff expressly argue that it conclusively
established the existence of an implied contract by conduct.  See generally
Preston Farm & Ranch Supply, Inc. v. Bio-Zyme Enters., 625 S.W.2d 295,
298 (Tex. 1981) (discussing implied contracts by conduct); Live Oak Ins.
Agency v. Shoemake, 115 S.W.3d 215, 218-19 (Tex. App.CCorpus Christi 2003, no pet.) (same).  Accordingly, we
do not address that theory of recovery.