Opinion issued October 8, 2009 

 




 







In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00341-CV

____________


RESURGENCE FINANCIAL, L.L.C., Appellant


V.


JAMES T. LAWRENCE, INDIVIDUALLY AND D/B/A GULF STATES
COMMUNICATIONS, INC., Appellee






On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 882129






MEMORANDUM OPINION


 After a bench trial, the trial court rendered a take-nothing judgment against
appellant, Resurgence Financial, L.L.C. ("Resurgence"), in its suit against appellee,
James T. Lawrence, individually and d/b/a Gulf States Communications, Inc.
("Lawrence"), to collect unpaid credit-card debt. In its sole issue, Resurgence
contends that the trial court erred in doing so because its suit was properly brought
as a suit on account under Texas Rule of Civil Procedure 185. See Tex. R. Civ. P.
185. We affirm. 

BACKGROUND


 Resurgence sued appellee Lawrence for the balance due on a credit-card
account that it alleged had been acquired from Wells Fargo Bank. Resurgence
alleged claims for breach of contract and for quantum meruit. Resurgence attached
to its petition the affidavit of John H. Over, Resurgence's "designated agent." The
affidavit tracked the requirements of Rule 185 for a suit on account and attached a
one-page "statement of account," but not the credit-card contract. Lawrence
answered with an unsworn general denial, which also asserted that a plaintiff seeking
recovery of credit-card debt was "not entitled to proceed on a sworn account theory,"
i.e., that such suits were not those for which the procedures of Rule 185 were
available.

 The case was tried to the court. The trial court admitted into evidence
Lawrence's answer and his responses to requests for disclosure and requests for
admissions, in the last of which he admitted to "breach[ing] the contract made a basis
of" Resurgence's petition, but not to the amount due and owing or to the interest rate. 
The court excluded, however, a "business records affidavit and business records,"
which were records from Wells Fargo Bank concerning the account. Resurgence
declined the trial court's offer for it to nonsuit to "redo the affidavit," indicating that
it would prefer to proceed to trial, and offered no further evidence. After the trial
court had taken judicial notice of its file, it announced "judgment for the defendant"
because Lawrence's admissions were not sufficient to prove up the amount owed.

 The trial court rendered a take-nothing judgment against Resurgence and
signed findings of fact and conclusions of law, which included the following:

 a finding that the only evidence admitted (the answer and
discovery responses) did not establish the amount of damages;


 a finding and conclusion that the court properly denied admission
of Resurgence's business records affidavit and attachments;


 a conclusion that "the credit card account at issue was not subject
to a sworn account theory under Rule 185"; and


 a conclusion that "[g]iven the absence of any presumption under
[Texas Rule of Civil Procedure] 93(10) and the sustaining of the
objection to the affidavit . . . and related documents, Plaintiff
presented no admissible evidence as to the amount of its
damages."


The trial court denied Resurgence's motion for new trial.

ANALYSIS


 In its sole issue, Resurgence contends that the trial court erred in rendering a
take-nothing judgment, asserting that because appellee did not file a verified denial,
it was entitled to judgment based on Rule 185. 

A. Standard of Review

 When, as here, the only issue under review involves a pure question of law, the
standard of review is de novo. In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994);
City of Pasadena v. Gennedy, 125 S.W.3d 687, 691 (Tex. App.--Houston [1st Dist.]
2003, pet. denied). 

B. Applicable Law

 Rule 185 provides: 

 When any action or defense is founded upon an open account or other
claim for goods, wares and merchandise, including any claim for a
liquidated money demand based upon written contract or founded on
business dealings between the parties, or is for personal service
rendered, or labor done or labor or materials furnished, on which a
systematic record has been kept, and is supported by the affidavit of the
party, his agent or attorney taken before some officer authorized to
administer oaths, to the effect that such claim is, within the knowledge
of the affiant, just and true, that it is due, and that all just and lawful
offsets, payments and credits have been allowed, the same shall be taken
as prima facie evidence thereof, unless the party resisting such claim
shall file a written denial, under oath. A party resisting such a sworn
claim shall comply with the rules of pleading as are required in any
other kind of suit, provided, however, that if he does not timely file a
written denial, under oath, he shall not be permitted to deny the claim,
or any item therein, as the case may be. No particularization or
description of the nature of the component parts of the account or claim
is necessary unless the trial court sustains special exceptions to the
pleadings.

Tex. R. Civ. P. 185 (emphasis added). "Rule 185 is a procedural tool that limits the
evidence necessary to establish a prima facie right to recovery on certain types of
accounts." Williams v. Unifund CCR Partners, 264 S.W.3d 231, 234 (Tex.
App.--Houston [1st Dist.] 2008, no pet.).

C. Analysis

 Five courts of appeals, including this Court, have held that suits for collection
of credit-card debt, when the card's issuer is not also the provider of the purchased
goods or services, are not suits on account under Rule 185. See, e.g., id. at 234-35. 
A sixth court of appeals has noted the same rule. See Dulong v. Citibank (South
Dakota), N.A., 261 S.W.3d 890, 893 n.3 (Tex. App.--Dallas 2008, no pet.) (noting
that suit on sworn account is not proper for credit-card collection suit). In Williams,
we reasoned that "[r]ule 185 applies only 'to transactions between persons, in which
there is a sale upon one side and a purchase upon the other, whereby title to personal
property passes from one to the other, and the relation of debtor and creditor is
thereby created by general course of dealing. . . .'" Williams, 264 S.W.3d at 234
(quoting Meaders v. Biskamp, 316 S.W.2d 75, 78 (Tex. 1958)). Because "no title to
personal property passes from the bank to the cardholder," we concluded that "[a]n
unpaid bank credit card account . . . creates a cause of action for the bank's money
or credit advanced as a loan, but not for goods or services sold or delivered to the
cardholder," rendering Rule 185 inapposite. Id. at 234-35.

 Resurgence recognizes this authority, but contends that it was wrongly decided,
urging us to overrule Williams and to depart from the holdings of our sister courts of
appeals. We decline to do so. We generally do not overrule precedent absent a
compelling reason, especially when, as here, doing so would cause a split of authority
between our sister court with which we exercise concurrent appellate jurisdiction. 
See Howeth Investments, Inc. v. City of Hedwig Village, 259 S.W.3d 877, 901 (Tex.
App.--Houston [1 Dist.] 2008, pet. denied) (declining to overturn 33-year-old
precedent interpreting statute that would result in split with the Fourteenth Court of
Appeals, when no compelling reason existed to do so). Moreover, abrogating this
holding of Williams would put into doubt far older precedent of this Court, in which
we applied the same reasoning from Meaders to hold that a suit for breach of a lease
for realty is not covered by Rule 185. See Meineke Discount Muffler Shops, Inc. v.
Coldwell Banker Prop. Mgmt. Co., 635 S.W.2d 135, 138 (Tex. App.--Houston [1st
Dist.] 1982, writ ref'd n.r.e.); accord Schorer v. Box Serv. Co., 927 S.W.2d 132,
134-35 (Tex. App.--Houston [1st Dist.] 1996, writ denied) (following this holding
of Meineke, despite concurring opinion arguing that Meaders did not limit Rule 185's
application).

 Resurgence contends that a compelling reason to overrule Williams exists. The
parties agree that the Texas Supreme Court's decision in Meaders was the ultimate
source for the line of authority concerning credit-card debt and Rule 185. 
Accordingly, Resurgence contends that the common-law definition of a "sworn
account" adopted in Meaders should not have been applied to Rule 185 because the
Meaders court was not interpreting Rule 185; rather, it was interpreting an attorney's
fees statute that at that time contained the term--whereas Rule 185 does not contain
the term in its text, although its title at the time was "Suit on a Sworn Account." 
Ignoring Meaders, Resurgence then argues that the plain language of the rule is broad
enough to cover credit-card suits. Specifically, it argues that a credit-card-collection
suit is either an "open account" or a "claim for a liquidated money demand based
upon written contract."

 Resurgence ignores the language modifying these terms: the rule describes an
"open account or other claim for goods, wares and merchandise, including any claim
for a liquidated money demand based upon written contract or founded on business
dealings between the parties . . . ." Tex. R. Civ. P. 185. Thus, a reading of the entire
rule is not inconsistent with Meaders's holding. Much of the authority on which
Resurgence relies either considered statutes with language materially different from
that in Rule 185 (1) or did not base the holding on Rule 185. (2) And the remaining
authority on which Resurgence relies did not concern credit-card-collection suits and
has not been followed by the courts considering the rule's application in that context. (3) 
We conclude that Resurgence has offered no compelling reason to overrule Williams,
to put into question Meineke or Schorer, or to depart from our sister courts' well-established interpretation of Meaders and Rule 185. Accordingly, we overrule
Resurgence's sole issue.

CONCLUSION


 We affirm the judgment of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.
1. See Facility Ins. Corp. v. Employers Ins. Of Wausau, 357 F.3d 508, 513 (5th Cir.
2004) (considering term "open account" in context of limitations statute); Livingston
Ford Mercury, Inc v. Haley, 997 S.W.2d 425, 427 (Tex. App.--Beaumont 1999, no
pet.) (same).
2. See Rowlands v. Unifund CCR, No. 14-05-01122-CV, 2007 WL 1395101, at *2, 3
(Tex. App.--Houston [14th Dist.] 2007, no pet.) ("Thus, it was not necessary for
Unifund to rely upon the evidentiary effect of the pleaded sworn account; the
admissions alone established Unifund's entitlement to prevail based on Rowland's
breach of the Account Agreement."); Haley, 997 S.W.2d at 427 ("The dealership does
not contend, either below or on appeal, that the account alleged by KETX does not
fall within the confines of Tex. R. Civ. P. 185. Consequently, we do not address that
issue.").
3. See Larcon Petroleum Inc. v. Autotronic Sys., Inc., 576 S.W.2d 873, 875-76 (Tex.
Civ. App.--Houston [14th Dist.] 1979, no writ); Seisdata, Inc. v. Compagnie
Generale de Geophysique, 598 S.W.2d 690, 691 (Tex. Civ. App.--Houston [14th
Dist.] 1980, writ ref'd n.r.e.).